STATE of Missouri, Respondent,

v.

Jesse Ray GOFF, Appellant.

No. 53989.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Feb. 9, 1970.

John C. Danforth, Atty. Gen., Jefferson City, Adrian DeYong, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

J. Arnot Hill, The Legal Aid & Defender Society of Greater Kansas City, Kansas City, for appellant.

STORCKMAN, Judge.

The defendant Jesse Ray Goff, charged with the offense of first-degree robbery, was found guilty by a jury. Section 560.-120 and § 560.135, RSMo 1959, V.A.M.S. The court found the defendant to be a second offender and sentenced him to fifteen years in the custody of the Department of Corrections. Section 556.280, RSMo 1959, V.A.M.S. As an indigent the defendant was represented in the trial court by counsel from the Legal Aid and Defender Society of Kansas City and is so represented on his appeal to this court.

On May 23, 1967, about 11:30 p. m., Harry R. Flanary and a woman companion were in the front seat of the Flanary automobile parked on Cliff Drive in Kansas City when a white Ford automobile with three men in it pulled alongside. One of the men identified at the trial as the defendant got out of the car, pointed a revolver at Flanary and commanded him to open the car door. When Flanary refused to do so, the defendant fired a shot through the left rear window of the automobile. The door was then opened and Flanary was required at gunpoint to hand over his money, about $60.00, and his automobile keys. Flanary was then told to walk down the road and not to look back. The defendant and his companions took Flanary's companion with them to a lonely road where the defendant raped her while one of his companions threatened her with the gun. When she was released, she went to her rooming house where she was met and interviewed by police officers who had been notified by Flanary. There were street lights near the place where the couple was parked on Cliff Drive and the woman had a further opportunity to observe the de-

fendant while she was riding with him in the back seat of the white Ford as well as at the scene of the rape. When he committed the robbery, the defendant had on his head a paper bag in which large eye holes had been cut, but he removed the bag after he got back into the Ford car. The defendant and his two companions were identified from police photographs and arrested. The defendant was tried separately. He offered no testimony on the merits and does not challenge the sufficiency of the evidence to support the conviction.

The defendant's contention on appeal is that he should not have been sentenced as a second offender because he was a juvenile and was not represented by counsel when he pleaded guilty to the offense of escape while under guard. Near the conclusion of the state's case, at a hearing out of the presence of the jury, the state introduced in evidence over the defendant's objection state's exhibit 1, which was a certified copy of a judgment showing that on December 4, 1959, Jesse Ray Goff pleaded guilty in the Circuit Court of Cole County to the charge of escape under guard and he was sentenced to a term of four years in the custody of the Department of Corrections. State's exhibit 2 was a certified transcript of the defendant's serial record in the Missouri Department of Corrections showing that Goff was received on December 8, 1959, and was released December 7, 1962. The defendant's objection to exhibit 2 was solely on the ground of an immaterial discrepancy in dates based on his recollection and was overruled.

At this hearing the defendant testified that he was fifteen years of age at the time he pleaded guilty to the charge of escape under guard in the Circuit Court of Cole County, that he did not have a lawyer to represent him at the time, and that he did did not appear and have a hearing in juvenile court before pleading guilty in circuit court to the charge of escape. The court found that the defendant was convicted of an offense punishable by imprisonment in the penitentiary, the offense

of escape under guard, and therefore the court had jurisdiction to proceed with the trial of the instant case under the provisions of § 556.280, the Second Offender Act.

The defendant's first contention is that the trial court erred in considering his prior conviction in assessing his punishment because he was fifteen years old at the time of the conviction and the state's evidence fails to show a judicial finding as required by § 211.071, RSMo 1959. Section 211.071 insofar as pertinent provides that in "the discretion of the judge of the juvenile court, when any petition under sections 211.011 to 211.431 alleges that a child of the age of fourteen years or older has committed an offense which would be a felony if committed by an adult, * * *, the petition may be dismissed and such child * * * may be prosecuted under the general law, whenever the judge after receiving the report of the investigation required by sections 211.011 to 211.431 and hearing evidence finds that such child * * is not a proper subject to be dealt with under the provisions of sections 211.011 to 211.431."

■ Although the defendant testified at the hearing on the issue of the prior conviction, his testimony did not tend to contradict the entries shown by the exhibits in any material respect. The state's exhibits showed that the defendant was fifteen at the time of the former conviction and that he did not have a lawyer because he expressly waived one at the hearing of his plea of guilty. The majority rule followed in this state is that a defendant being prosecuted as a second offender is not entitled to raise questions of mere error in the former conviction to prevent the operation of the Second Offender Act. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 331 [35]; State v. Tyler, 349 Mo. 167, 159 S.W. 2d 777, 780[8]; 24B C.J.S. Criminal Law § 1961.

■ If certified copies of the prior judgment and sentence and the prison rec-

ords are regular on their face and proper in form and substance, they are admissible in evidence and sufficient to support the trial court's finding that the Second Offender Act is applicable to the prosecution. State v. Johnson, Mo., 432 S.W.2d 284, 286 [3]; State v. Tyler, 349 Mo. 167, 159 S.W.2d 777, 780 [9]. On the record before us, we must assume that the defendant while serving the prior sentence did not undertake to set aside or vacate the conviction by utilizing any of the available remedies such as a motion under S.Ct. Rule 27.26, V.A.M.R. or a habeas corpus proceeding, or if he did so his effort was unsuccessful.

The defendant relies mainly on State v. Arbeiter, Mo., 408 S.W.2d 26, and State v. Falbo, Mo., 333 S.W.2d 279, to support his contention that the exhibits should not be considered because they did not show that a "judicial finding" had been made in juvenile court with respect to the fifteen-year-old defendant as required by § 211.071. As shown above, this statute provides that, if a petition charging the equivalent of a felony is filed in juvenile court against a child fourteen or older, the judge in his discretion may dismiss the petition "and such child or minor may be prosecuted under the general law" after hearing evidence and making findings. The Arbeiter case was a direct appeal from a murder conviction in which this court held that statements were not admissible in evidence which were elicited from the fifteen-year-old defendant by police officers in disregard of § 211.061 which requires the arresting officer to take the juvenile immediately to the juvenile court. Falbo is also a direct appeal from a conviction of a fifteen-year-old boy for murder. The indictment was returned to the Circuit Court of Clay County and the court on its own motion ordered the cause be removed to the juvenile court which thereafter entered an order finding that the defendant was not a proper person to be dealt with under the juvenile law and transferred it back to Division One of the Criminal Court. The defendant's motion to proceed with the trial in juvenile court was overruled and the ruling was affirmed on

appeal. The Arbeiter and Falbo cases deal with alleged failures to follow statutory procedures regarding juveniles which were reviewed as trial errors on appeal. They do not reach the present issue.

The other pertinent cases on this issue are considered and applied in State v. Reid, Mo., 391 S.W.2d 200, which is dispositive of the question before us. The Reid case was a direct appeal from a conviction of stealing by shoplifting from a store in Sedalia. The trial court found the defendant had a prior conviction in the Circuit Court of Cole County for arson and sentenced her pursuant to the Second Offender Act. On appeal the defendant claimed the prior conviction was void because she was sixteen years old at the time of the prior conviction as shown by the prison records in evidence. At the time of the prior conviction for arson, there was, as there is now, a single judge in the Cole County Circuit Court who administers the general law as well as the provisions of the juvenile code. A separate juvenile division is not required. Art. V, § 28, Constitution of Missouri, 1945, V.A.M.S.; § 211.021(3), RSMo 1959, V.A. M.S.

We adopt this statement from the Reid case, 391 S.W.2d 200, at page 206 [9]:

"The validity of the prosecution of such a minor under the general law in accordance with the prior statutes has been considered in State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S.W.2d 124, and in State v. Flores, 332 Mo. 74, 55 S.W.2d 953. In the latter case the court said in part, loc. cit. 955: 'These statutes were construed in State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S.W.2d 124. It was held that, in a prosecution against a juvenile commenced under the general law, the circuit court had a right to proceed under that law. It was pointed out that, since no petition was filed alleging the defendant to be a delinquent child, it was not necessary for the court to exercise the discretion provided under that section. That ruling was approved by

this court in Ex parte Bass, 328 Mo. 195, 40 S.W.2d 457.

" 'In this case the defendant was charged by information filed in the circuit court of Pettis county by the prosecuting attorney and the cause proceeded to trial on that information. No petition nor request of any kind on the part of the defendant was made to have the cause transferred to the juvenile court. The court had jurisdiction to proceed as it did with the trial.' In our case the prior prosecution was instituted in the circuit court under the general law, the circuit judge had both general and juvenile jurisdiction, there was and is no showing of an attempt or request to transfer the matter to the juvenile court, and prima facie, the court had full jurisdiction to proceed as in an ordinary criminal proceeding. We find no modification of the statutes which would have made these decisions inapplicable in 1955. We thus determine that the conviction of July 1, 1955, is not subject to the present collateral attack and that defendant was properly tried and sentenced as a second offender."

The defendant argues that Reid and the other cases mentioned should not be followed because the defendant, then fifteen years of age, "was in the custody of the state for a prior offense when he escaped guard" and some state officer, "probably the Prosecuting Attorney, should have filed the petition mentioned in Section 211.071". First, we must recognize that we know nothing of this defendant's activities anterior to his plea of guilty on December 4, 1959, other than what is shown by the state's exhibits. In this state of the record, if we indulge in any presumption, it must be in favor of the regularity of the judgment and sentence.

Section 557.360, RSMo 1949, provided that if any person confined in the penitentiary "or, being out under guard, shall escape" he shall be punishable as for breaking prison. This section was repealed by Laws 1959, H.B.No.10, § 1, and the subject matter is now covered by § 557.351, RSMo 1959, V.A.M.S. The defendant does not contend he was not lawfully in custody when he escaped and we cannot assume otherwise. Either he was sent to prison directly on being convicted as an adult under the general law, § 211.071, or he was transferred there from a state training school for purposes of discipline. Section 219.230.

It is not likely that the defendant was eligible for the services of any juvenile court at the time he committed the offense of escape under guard. Section 211.010, RSMo 1949, in part provided that the statutes pertaining to neglected and delinquent children "shall apply to children under the age of seventeen years, *not now or hereafter inmates of any state institution,* * * *." Emphasis added. In the revision, Laws 1957, p. 642, § 1, the juvenile code was rewritten, and § 211.041, RSMo 1959, V.A.M.S., now provides that when jurisdiction has been acquired by the juvenile court, such jurisdiction may be retained for the purposes of the juvenile code, until the child has attained the age of twenty-one years "except in cases where he is committed to and received by the state board of training schools." Thus it appears in any event that if a juvenile court originally had jurisdiction of the defendant, such jurisdiction had ceased to exist at the time the defendant committed the offense of escape while under guard. This conclusion is also supported by § 222.020, RSMo 1959, V.A.M.S., which provides that if any convict commits a crime in an institution of the department of corrections, the convict may be charged, tried and convicted in like manner as other persons.

■ It would seem most incongruous that a person whose conduct has qualified him for imprisonment in an institution of the department of corrections on commission of a felony while in such custody should have to be returned to a juvenile court for further processing. In view of all the circumstances, we hold the Circuit

Court of Cole County had jurisdiction to prosecute the escape offense under general law regardless of the defendant's age.

The second aspect of defendant's claim of error is that the defendant "was without benefit of counsel when he pleaded guilty in violation of his rights guaranteed in the Sixth Amendment of the Constitution of the United States as held obligatory upon the states by the Fourteenth Amendment." Insofar as pertinent to this inquiry, the certified copy of the judgment of prior conviction, exhibit 1, states that the defendant appeared on December 4, 1959, in the Circuit Court of Cole County "but without counsel, and the Court advises the Defendant of the nature of the crime charged against him and of the range of punishment for such crime, and the Court gives Defendant an opportunity to exercise his right to be represented by counsel and to consult with a friend concerning his case for a reasonable time, and the Court having informed Defendant of his right to counsel and explained wherein the exercise of said right might be of benefit to Defendant, and having found that Defendant was mentally able and was sufficiently informed to decide his need for counsel, and the Court having offered to appoint counsel for Defendant to conduct his defense, but Defendant having waived such right to counsel, and the Defendant then says he cannot deny the charge against him and that he is guilty in the manner and form as charged in the information, and enters his plea of guilty in the manner and form as charged in the information; * * *."

At the hearing on the issue of prior conviction, the defendant when asked by his attorney answered this question in the negative: "And at the time that you did that did you have a lawyer who represented you?" The defendant did not testify to any fact or circumstance tending to prove that

the court did not give him an opportunity to be represented by counsel, that the court did not inform the defendant of his right to counsel and did not explain the possible benefit of counsel, that the court did not offer to appoint counsel for the defendant, or that defendant did not waive his right to counsel, all as stated in the judgment. The unchallenged assertions of the judgment import verity and show that due regard was had for the defendant's right to counsel.

The defendant relies mainly upon Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, which involved a prosecution under the Texas recidivist statute which provides that the jury shall consider and decide the issue of prior conviction and assess the punishment in accordance with mandatory requirements. The prosecution introduced in evidence two certified records of a prior Tennessee conviction.[1] One record indicated the accused had not been represented by counsel and the other omitted any reference to counsel and did not show a waiver. The United States Supreme Court held the records on their face raised a presumption that the defendant was denied his right to counsel in violation of the Sixth Amendment to the United States Constitution. The judgment in the present case expressly records a waiver of counsel as well as other elements relating to the protection of the defendant's right to counsel. The recent case of Gerberding v. State, Mo., 433 S.W.2d 820, 823 [2], considers the impact of the Burgett decision and recognizes that S.Ct. Rule 27.26 provides a remedy for a convicted defendant who claims he has been denied his right to counsel.

The case of State v. Hale, Mo., 400 S.W. 2d 42, is almost identical with the instant case on the facts and principles involved;

1. Under the present Missouri statute, § 556.280 as amended Laws 1959, S.B. 117, § 1, the judge out of the presence of the jury hears the evidence of prior conviction and in the exercise of his discretion assesses the penalty provided by law. State v. Wilwording, Mo., 394 S.W.2d 383, 386–387 [2].

it states the pertinent issues and conclusions at page 46 as follows:

"Then upon this record there is the manner in which this problem was presented, this is not an appeal from the 1953 conviction, it is not a proceeding in habeas corpus and it is not a motion to vacate the judgment and sentence under Criminal Rule 27.26, V.A.M.R. Hale was here being tried for the principal and substantive offense of robbery in the first degree and it is proposed in this collateral, tangentical manner to attack and invalidate a 1953 judgment and sentence. Of course a void judgment is subject to collateral attack but under a 27.26 proceeding the motion to vacate must allege facts, not mere conclusions, which if true would establish illegality of the judgment and mere failure to appoint counsel upon a plea of guilty is not sufficient in itself for that purpose. State v. Turner, Mo., 353 S.W.2d 602, 603–604; State v. Baugh, Mo., 382 S.W.2d 608, 610. Thus upon this record with the question presented in this manner it is not established that the 1953 sentence was illegal and therefore not available to the state as a basis for invoking the habitual criminal act."

The Hale case also considers Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, which is cited by the defendant in the present case. The defendant cites cases from other jurisdictions primarily involving direct attacks by appeal on convictions obtained against juveniles who were not represented by counsel. The decisions are not persuasive on the issues before us.

■ There is no violation of the defendant's constitutional right to legal counsel apparent on the face of the judgment. On the contrary, compliance and observance of the right is shown. By his failure to take timely advantage of the various remedies provided to set aside the judgment for invalidities not apparent on the face of the judgment, the defendant has waived any

such defects as a ground of objection to the admission of the certified copies of the judgment as evidence of a prior conviction. State v. Garrett, Mo., 435 S.W.2d 662, 665 [6].

We have considered all questions presented by the defendant and find them to be without merit. The trial court did not err in considering the exhibits and finding them sufficient proof of a prior conviction under the Second Offender Act. Accordingly the judgment is affirmed.

HENLEY, C. J., FINCH, DONNELLY and HOLMAN, JJ., and BRADY, Special Judge, concur.

SEILER, J., dissents in separate dissenting opinion filed.

MORGAN, J., dissents and concurs in separate dissenting opinion of SEILER, J.

STORCKMAN, J., not sitting when cause was submitted in January Session, 1970.

SEILER, Judge (dissenting).

I respectfully dissent, because I am unable to convince myself that there was, in his escape case, a knowing and intelligent waiver of counsel by a 15 year old, no matter what the judgment recitals state about the court's advising him of his right to counsel and to consult with a friend and defendant's being able "to decide his need for counsel". Criminal law is a highly specialized field. Ask any civil lawyer who is appointed to defend an indigent. It does not seem reasonable to me that the defendant could have had any appreciation of the legal problems involved in his case when he pleaded guilty at age 15 to escape. That these were complex is demonstrated by the majority opinion itself.

As I read the majority opinion, basically it rests on waiver by a 15 year old. Clearly the defendant did not have counsel and unless there was an effective waiver, and I

do not believe there was, it seems to me the case is governed by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the procedure followed in obtaining the escape conviction was unconstitutional, and the present judgment should be reversed and remanded. Unless the defendant had been legally convicted at an earlier date, he, of course, was entitled to have the jury, in the first instance, fix his punishment in his present case, rather than the court. Since in my view he had not been legally convicted earlier, the second offender act did not apply here and defendant is entitled to a new trial.