**STATE of Missouri, Respondent,**

v.

**George Washington GRAPPER, Appellant.**

**No. 57133.**

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel Heagney, St. Louis, for appellant.

HOUSER, Commissioner.

George Washington Grapper, convicted of first degree robbery with a dangerous and deadly weapon and of a prior felony and sentenced to life imprisonment, State v. Grapper, Mo.Sup., 328 S.W.2d 633, filed a motion under Criminal Rule 27.26, V.A. M.R., to vacate the judgment and sentence. Following an evidentiary hearing the motion was overruled. On appeal this Court reversed and remanded by summary order without opinion, and required a further evidentiary hearing, which was conducted. The motion having been overruled again following the second evidentiary hearing, the prisoner has appealed a second time.[1]

First, the prisoner charges ineffective assistance of counsel at the trial in that his counsel failed to call three doctors on the staff of Malcolm Bliss Hospital, to prove the defense of insanity. This determination was a trial decision or the result of trial strategy, which we will not review unless the acts complained of resulted in making the trial proceedings a farce and mockery. Cheek v. State, Mo.Sup., 459 S. W.2d 278, 281. Counsel introduced in evidence a letter from one of the doctors, who had moved to Connecticut, indicating that appellant did not know right from wrong at the time in question. He introduced hospital records revealing mental deficiency, long-standing brain damage and intellectual retardation; the verdict in a prior trial of another charge in which appellant was found not guilty "by reason of insanity," and other evidence of insanity. The conduct of counsel was not below acceptable standards, and the trial court's finding that the case was "well tried by diligent counsel" is not clearly erroneous.

1. Notice of appeal filed before January 1, 1972.

<br>

**236**

■ Second, the prisoner charges that the court erred in permitting a state psychiatrist to testify, over objection, concerning his mental condition at the time of the commission of the robbery "since his testimony was based upon post-information questioning [by the doctor] without notice to and in absence of Appellant's counsel, thereby violating his right to assistance of counsel at all critical stages of the criminal proceeding against him." Appellant had been acquitted on trial of a charge of rape, on the ground of insanity, and was committed to State Hospital No. 1 at Fulton. There he was confined from May 25, 1957 until sometime in April, 1958, when he was returned to St. Louis to stand trial on the robbery charge. During the time appellant was at Fulton he was examined and visited by Dr. Val Satterfield, a consultant to the criminally insane division of the hospital. Dr. Satterfield testified at appellant's robbery trial that he found no evidence of mental disease present in appellant. Dr. Satterfield's examinations were made in the normal and usual course of examination and treatment of a person committed to a state hospital. They were not conducted at the request of the prosecuting attorney, nor were they made in an effort to rebut a plea of insanity in a criminal case. There is no constitutional right to the presence of counsel during the course of such medical examinations and treatment.

■ Third, the prisoner charges that the court erred in permitting the State to charge a prior felony in the absence of proof that at the trial of the prior felony he was represented by counsel or that he had intelligently waived his right to counsel. The record of the arraignment and plea of guilty to the prior felony shows that appellant was without counsel when he entered his plea but the properly authenticated minutes of the court proceedings also clearly show that appellant was advised that he was entitled to an attorney and if unable to finance employment of an attorney the county would be compelled to pay his attorney; that he was entitled to a jury

trial if he desired; "and after having been fully advised, the defendant stated, in open court, that he did not wish the services of an attorney 'that he did not wish a trial by jury and desired to enter a plea of *builty* [sic],' * * *" and that the court accepted his plea. In these circumstances no violation of the constitutional right to counsel referred to in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (in which case the record did *not* indicate that defendant waived the right to counsel) is apparent on the face of the judgment; in fact, "compliance and observance of the right is shown." State v. Goff, Mo.Sup. en Banc, 449 S.W.2d 591, 597.

Accordingly, the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.