STATE of Missouri, Plaintiff-Respondent,

v.

Gary Leon HANSON, Defendant-Appellant.

No. 34703.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 20, 1973.

Michael A. Turken, George E. Sullivan, O'Fallon, for defendant-appellant.

Thomas I. Osborne, Pros. Atty., Mexico, for plaintiff-respondent.

PER CURIAM:

Defendant appeals from his conviction in the Circuit Court of Audrain County, Missouri, of driving a motor vehicle while in an intoxicated condition, second offense, and of driving while his license was suspended. ,On the first charge he was sentenced to confinement in the County jail for a term of three months, and on the second, to a fine of $100.00 and confinement for one month, both confinements to run concurrently.

From the evidence the jury reasonably could have found that on October 23, 1970, about 10:00 P.M., a rainy night, as Lloyd Watt was operating his car westwardly on U.S. Highway 54, in Audrain County, he observed the automobile being driven eastwardly by the defendant weaving from side to side on the highway as it approached him. Watt pulled his car as far to the right in his lane as was possible, but it was sideswiped by the defendant's car, which then proceeded past the point of the collision, struck a tree a glancing blow, hit and broke off a telephone pole, and then turned over on its left side on the south side of the highway. Defendant was extricated from his car by persons who gathered at the scene. Having laid the foundation and qualified, Watt was permitted to testify that in his opinion defendant was intoxicated. Trooper Donald J. Bolli of the State Highway Patrol was notified of the accident and arrived on the scene at about 10:30 P.M. He observed the defendant's appearance, the manner in which he walked and talked, detected the odor of alcohol, and arrested defendant for driving while intoxicated. Bolli read the Miranda warning to defendant from a paper he had with him, which was read into evidence, and asked defendant if he understood those rights, to which defendant answered "Yes" and "All right." Bolli asked defendant what had happened, to which defendant replied that he didn't know. Bolli also asked

defendant whether he had been driving, to which defendant answered "Yes."

The defendant was taken by Bolli to the police station in Mexico, Missouri, where they arrived around midnight. Bolli informed the defendant that defendant had been arrested for driving while intoxicated, that any one so arrested must submit to a Breathalyzer test, or might refuse to do so, as he desired, but that if he refused to take the test his license might be revoked for one year for refusing to take it. Defendant said he would take the test. Bolli, who held a Type III permit for the Breathalyzer 900 test, after first checking the machine for accuracy, gave defendant the test and obtained a reading of .22. Bolli was likewise permitted to express the opinion, after being qualified, that defendant was intoxicated.

■ Several of the points raised in this appeal have been effectively disposed of by our opinion in State v. Barker, 490 S.W.2d 263 (Mo.1973). In fairness to defendant's counsel, who was also counsel for the defendant in Barker, it should be stated that that opinion was handed down on January 9, 1973, after the briefs in this appeal had been filed. Here, as in Barker, the prosecuting attorney did not sign the Uniform Traffic Tickets, but filed an information in two counts in the Magistrate Court; and as in Barker, it is contended that the trial court was without jurisdiction because of the failure of the prosecuting attorney to sign the tickets, and because the information filed was invalid. We held in Barker that the use of an information in lieu of a traffic ticket was proper where, as here, in order to convict for the commission of the second offense under § 564.440, that of driving while intoxicated, it was necessary to plead and prove the conviction for the first, for which no provision is made in the ticket. We adhere to that ruling.

■ We likewise adhere to our ruling in Barker that an information under § 564.440 was not insufficient for failing to charge that U.S. Highway 54, upon which defendant drove while intoxicated, was a public road or highway. As we pointed out in Barker, there is no requirement in that statute that to constitute an offense it must be pleaded and proven that the motor vehicle was operated on a public road or highway. Defendant also challenges the validity of Count II of the information for failure to allege that he drove on a "public road or highway" while his license was suspended. As a matter of fact, the words "public road or highway" do not appear in § 303.370, subd. 3 creating the offense: the words employed are ". . . any highway." Certainly the words ". . . U.S. Highway 54," the locale of the prohibited driving alleged in Count II of the information, falls within the scope and meaning of ". . . any highway." Furthermore, by definition a "U.S. Highway" is a public highway, as has been judicially noted. State v. Barker, supra; City of Independence v. Beth, Mo.App., 458 S.W.2d 874, 877.

■ Defendant's second principal point, that the result of the Breathalyzer test was improperly admitted into evidence because various requirements for its admission were not met, is subdivided into five subpoints. The first is that the ampule used by the trooper in administering the test was not preserved, as required by § 4 C 9 of the rules of the Division of Health, nor introduced into evidence. As in Barker, the uncontradicted evidence was that the test was administered in accordance with the rules of the Division, no prejudice to the defendant was shown, and we adhere to our ruling in Barker rejecting the same contention here made. We likewise adhere to our ruling in Barker rejecting defendant's second subpoint, that the evidence failed to show that only single test chemical reagents were used in giving the test, as prescribed in the Division's Rule 4 C 7. We held there that the term "single test" means "used only one time," as occurred in this case. Lastly, this defendant also asserts that the Breathalyzer test does

not give its results in terms required by the statute, i. e., by weight. Precisely, the same argument as here made was rejected in Barker; for as was pointed out in that case § 564.442 as amended now requires the computation of the percentage by weight of alcohol by volume, i. e., milligrams of alcohol per one hundred milliliters of blood. Laws 1969, 3rd Ex.Sess., p. 111. The evidence fully supported the requirement.

■ The argument is advanced that because the test was administered over two hours after the time the accident occurred ". . . it was inherently unreliable, irrelevant and immaterial in regard to the defendant's intoxication at the time of the accident . . ." Defendant does not contend that one's degree of intoxication increases with the passage of time. Were that the contention there would be no need to invoke the doctrine of judicial notice to refute such an argument, for there was expert and uncontradicted testimony to the contrary. What defendant does contend, in brief, is that after one has imbibed an alcoholic beverage some period of time must elapse before the alcohol enters the blood stream, and that there was no showing in the instant case of the interval which had occurred between the time when defendant consumed an alcoholic beverage and the time when the test was administered. Whether an interval of time is required, and if so, the length thereof, is a matter of scientific knowledge of which we cannot take judicial notice, and no competent expert testimony was introduced in support of defendant's contention. It is scarcely necessary to recall that after each was properly qualified, both Watt and Trooper Bolli testified that in their individual opinions the defendant was in an intoxicated condition immediately after the accident.

■ Defendant's final subpoint is that he was not "properly" advised of his right not to take the test, and that even if properly advised he was incapable of mak-

ing "* * * a rational, voluntary decision in that regard." We find no merit in either contention. Both objections were raised and the evidence regarding them was heard by the trial court, out of the presence of the jury. Trooper Bolli testified that in addition to reading the Miranda warning to defendant he advised the defendant that according to Missouri law anyone who was arrested for driving while intoxicated must submit to a breathalyzer test and that he might refuse if he wished —he had a right to take it or refuse it; and that if he refused to take the test his license might be revoked. Defendant, Trooper Bolli testified, agreed to take the test. We find the warning given by the trooper was substantially in accord with § 564.444. The second part of defendant's argument is premised on his testimony (out of the hearing of the jury) that he blacked out from the accident and did not remember being given the Miranda warning; that he could not recall the trooper asking him whether he wanted to take the breathalyzer test, but he did remember that the trooper told him he was going to be taken to Mexico to take one. In rebuttal, Trooper Bolli testified that to his knowledge the defendant had not lost consciousness as the result of his accident, that he appeared to be rational that when asked by him Hanson responded that his injuries were very minor, bruises and abrasions, and that defendant refused medical attention when it was offered. Whether the warning regarding the taking or the refusal to take the test was given, and whether the defendant was in a rational condition, were, of course, matters of fact for the trial court's decision. There was ample evidence to support his ruling, and we obviously cannot say that it was clearly erroneous.

■ Defendant's third principal point is that the court erred in overruling his motion for a directed verdict, made at the close of the State's evidence, on the charges of driving while his license was suspended for the reason that he had been

denied his constitutional rights to due process and equal protection of the law. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 cited in support of defendant's argument does not rule the instant case because of the factual differences. In Bell the operator's license was suspended without any showing of fault on his part, merely because he did not prove financial responsibility. In this case defendant's license was suspended under the points system. § 302.302; Rudd v. David, Mo., 444 S.W.2d 457. The rationale of the two cases are markedly different.

 Defendant's concluding point is that the trial court improperly submitted to the jury the offense of driving while intoxicated as a second offense in that there was no sufficient showing of a prior offense. As required by the final paragraph of § 564.440, when, as here, a second offense is charged, the evidence regarding the prior conviction was heard and determined by the court out of the hearing of the jury, and the court entered its finding that defendant had been previously convicted of the charge of driving while intoxicated. As part of its evidence the State introduced its Exhibit 11, a copy of the record of the Magistrate Court of Pike County, certified by the clerk of that court, which showed that defendant had pleaded guilty on November 13, 1967, of driving while intoxicated, first offense, and his punishment assessed at $100 and costs. Initially under the foregoing point defendant argues that there was no sentence, and cites State v. Gordon, Mo., 344 S.W.2d 69, which concerned the Habitual Criminal Act. That Act is not applicable to this proceeding. State v. Myers, Mo. App., 470 S.W.2d 803. Next defendant maintains that there was no showing that the defendant was represented by counsel in the Pike County case. But the record of that case shows that defendant was advised of his right to counsel but, in effect, waived that right and stated that he desired to plead guilty. Defendant also questions the sufficiency of the certification of

the record by the clerk of the Pike County court, but it was sufficiently and properly made in accordance with § 490.130.

Lastly, defendant asserts that the wording of the Uniform Traffic Ticket, "DWI 1st offense" was insufficient to advise defendant of the nature of the charge against him. It is questionable whether that argument is within the scope of the point raised by defendant, that "The Trial Court Improperly Submitted (to) the Jury the Offense of Driving While Intoxicated as a Second Offense in That There Was No Sufficient Showing of a Prior Offense." Actually, of course, the issue of whether the defendant was or was not guilty of driving while intoxicated, second offense, was not submitted to the jury by the applicable instruction, Instruction No. 4. No reference to the prior conviction is made in that instruction. In the concluding portion of that instruction the court instructed the jury that if the defendant was found guilty of the instant charge of driving while intoxicated it should fix his punishment by confinement in the county jail for a term of not less than fifteen days and not exceeding one year. That, of course, is the punishment provided in § 564.440(2) for a second offense but so far as the instruction was concerned there was no intimation therein that it was the statutory punishment for a second offense.

 Thus the crucial question is whether there was sufficient evidence to support the finding of the trial court that defendant had been previously convicted of the same offense. Certainly such abbreviations as "DWI" should not be used, but while such a charge may be defective, it is not necessarily fatal for all purposes, State v. Ralls, Mo.App., 472 S.W.2d 642. The record shows that there was no challenge in that proceeding to the sufficiency of the charge either before or after the defendant pleaded guilty, and it further shows the charge was read to the defendant. And since the issue here is the sufficiency of the evidence to support the court's finding of a prior conviction, made by an experi-

**14**

enced and learned judge to whom the phrase "DWI 1st offense" is undoubtedly all too familiar, the record of the first offense, considered in its entirety, was at least some evidence of the prior conviction. Furthermore, it was not the only evidence in that regard. During the course of the hearing without the presence of the jury the defendant took the stand and testified in his behalf. On cross-examination he admitted that on November 13, 1967, he had been convicted of driving while intoxicated and fined $100.00. That was not only an admission of his prior conviction, but it also showed that defendant was fully aware of the charge brought against him in the Magistrate Court of Pike County. We rule that the evidence was sufficient to sustain the finding of the trial court.

Finding no error as contended by defendant the judgment of the trial court is affirmed.

All concur.