Adam GERLACH, Appellant,

v.

James R. SPRADLING, Respondent.

No. KCD 27717.

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

Motion for Rehearing and/or Transfer Denied Aug. 30, 1976.

Larry O. Denny, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

Following an automobile collision wherein the appellant drove his vehicle into the rear of a parked car at 8:00 o'clock p. m. on March 3, 1974, the investigating police officer noticed a strong odor of alcohol on appellant and that he was staggering. Appellant admitted that he had been drinking that afternoon and he was placed under arrest and thereupon taken to the hospital for repair of a cut lip.

The arresting officer testified that on two occasions at the scene, and three times at the hospital, he explained the so-called implied consent law and requested the appellant to submit to a Breathalyzer test, and that the appellant refused, which facts are undisputed by the appellant.

Thereafter, the arresting officer made a sworn report to the Director of Revenue (respondent) as provided by Section 564.-444(1) RSMo 1969, and the respondent entered an order revoking appellant's driving license for a period of one year. Upon review of this order in the Magistrate Court and in the Circuit Court, the action of respondent was affirmed. This appeal followed.

Appellant's sole point is that "due process of law requires" that before the State of Missouri revokes a person's driving privileges for refusal to submit to a Breathalyzer test, the person arrested must be clearly and unequivocally told that such refusal will automatically result in a revocation. Stated differently, appellant asserts that a warning that such refusal to take the test "may", "might", or "could" result in a revocation of license, does not satisfy the requirements of constitutional due process.

There is no substantial or significant conflict in this record that the arresting officer warned appellant only that his refusal to take the test "can", "might" or "may" result in the loss of his driving privileges and that appellant was not told that he "could definitely lose" his license upon such refusal.

■ The appellant's position is without merit. The statute in terms, and the decisional law in this state, are clear that the mandate of Section 564.444 RSMo 1969 requires only that the arresting officer clearly advise the arrestee of "the possibility of license revocation". *Bolling v. Schaffner*, 488 S.W.2d 212, 215[3, 4] (Mo.App.1972); *State v. Hanson*, 493 S.W.2d 8, 12[9] (Mo. App.1973); *Jones v. Schaffner*, 509 S.W.2d 72, 80[9] (Mo.1974).

■ To bolster his argument, the appellant strongly asserts (in the face of the clear and unequivocal language of the statute) that, once the arrestee refuses to submit to a Breathalyzer test, the arresting officer is mandatorily required to file the sworn report with the director of revenue and is left no option for the exercise of discretion. This argument is unacceptable.

The statute provides that upon such refusal to submit to the test, Section 564.-444(1), RSMo 1969:

" * * * In this event, the arresting officer, *if he so believes*, shall make a sworn report to the director of revenue that he *has* reasonable grounds to *believe* that the arrested person was driving a motor vehicle upon the public highways of this state while in an intoxicated condition and that, on his request, refused to submit to the test. * * * " (Emphasis supplied)

That there is an area under this statute between the arrest, warning and refusal, for the exercise of the arresting officer's discretion, has been recognized in the case of *Jones v. Schaffner*, 509 S.W.2d 72, 80[9] (Mo.1974), where the court stated:

" * * * the refusal of a motorist to submit to a chemical test upon request of the arresting officer does not amount to an automatic loss of license. Revocation occurs only if the arresting officer believes the motorist was driving while in an intoxicated condition, that upon his request the motorist refused to submit to a test, and the officer subsequently so swears in a report filed with the Director. At the time of arrest and warning, the officer is not under compulsion to file the statement. * * * "

This same interpretation of the statute was adopted by the Springfield District of this court in the case of *In re Green*, 511 S.W.2d 129, 132–133[4] (Mo.App.1974).

The conclusion is inevitable that the explanation and warning here shown met the constitutional requirements of due process.

The judgment is affirmed.

All concur.