STATE of Missouri, Plaintiff-Respondent,

v.

Kenneth Eugene DITTMAN, Defendant-Appellant.

No. 37312.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 17, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied Nov. 8, 1976.

Jay V. White, Rolla, for defendant-appellant.

John B. Berkemeyer, Pros. Atty., Gasconade County, Hermann, for plaintiff-respondent.

GUNN, Judge.

Defendant was charged with a second offense of operating a motor vehicle while intoxicated—a § 564.440 RSMo 1969 violation. He was convicted by a jury and sentenced to six months in the county jail. On appeal, the only issue raised relates to whether there was sufficient proof to support a finding of a prior conviction for driving while intoxicated. We find the record sufficient to support defendant's prior conviction and affirm the judgment.

Defendant does not dispute the sufficiency of the evidence that he was driving while intoxicated. His only challenge was whether the following certified copy of the Osage County Magistrate Court record is sufficient to establish his prior § 564.440 violation:

| "State of Missouri, | Plaintiff | Case No. 5826 |
| vs | | In the Magistrate Court of Osage |
| Kenneth Eugene Dittman, | Defendant | County, Mo |
| | | February 24th 1971. |

Comes now Laverne Moeller and files traffic ticket charging the defendant Kenneth Eugene Dittman with upon 23 February 1971 at and within Osage County, Missouri of driving while intoxicated test B. A. .15% and comes now the defendant and appearing voluntarily and after being duly informed of his rights under the law and the nature of the charge the defendant waives trial by jury and defense by counsel enters his plea of guilty to driving while intoxicated as charged in the traffic ticket filed and he is ordered to pay a fine of $100.00 and costs; sheriff is ordered to collect the said fine and costs.

Done this 24th day of February 1971.

Clem C. Gove, Magistrate Judge
Linn, Missouri."   Osage County

---

The thrust of defendant's attack on the sufficiency of the foregoing record as evidence of a first offense conviction seems to be two-fold: 1) that the first conviction is faulty, because there was no showing that the prosecuting attorney signed the information against the defendant in the first offense; 2) that the record fails to show that the defendant knowingly and voluntarily waived his constitutional rights as stated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Neither argument is meritorious.

The identical argument raised by defendant here as to the sufficiency of proof of the prior conviction was considered answered in *State v. Goff*, 449 S.W.2d 591 (Mo. banc 1970), and *State v. Hanson*, 493 S.W.2d 8 (Mo.App.1973). From *State v. Goff*, supra, we find that the certified copy of the prior judgment against defendant, which is presumed to be regular and which is in proper form and substance, serves as sufficient basis to support the establishment of a prior conviction.

Defendant's contention that he was denied his constitutional rights is also too feeble to stand. In *State v. Hanson*, supra, to establish a prior § 564.440 conviction, the State relied on a certified copy of the magistrate court record showing that the defendant—as in this case—had waived counsel and trial by jury and pleaded guilty to driving while intoxicated. On the appeal of his second conviction, the defendant in *State v. Hanson*, supra—as in this case—argued that the evidence of the first conviction was insufficient, for there was no showing that he had been represented by counsel. The court in *Hanson* responded to the defendant's argument by stating, id. at 13: "But the record of that case [the record of the first conviction] shows that defendant was advised of his right to counsel but,

in effect, waived that right and stated that he desired to plead guilty." So, too, in this case, the record shows that the defendant was advised of his rights, waived them, and pleaded guilty.

In *State v. Goff*, supra, after reviewing the certified copy of the defendant's prior conviction after a guilty plea, it was said, id. at 597:

> "There is no violation of the defendant's constitutional right to legal counsel apparent on the face of the judgment. On the contrary, compliance and observance of the right is shown. By his failure to take timely advantage of the various remedies provided to set aside the judgment for invalidities not apparent on the face of the judgment, the defendant has waived any such defects as a ground of objection to the admission of the certified copies of the judgment as evidence of a prior conviction."

The foregoing is particularly appropriate to the factual situation in this case.

We find no irregularities or deprivation of defendant's constitutional rights on the face of the certified copy of the judgment of defendant's prior § 564.440 conviction. The record of defendant's prior § 564.440 conviction is sufficient as basis for assessing a second conviction judgment against defendant.[1] *State v. Goff*, supra; *State v. Johnson*, 504 S.W.2d 23 (Mo.1973).

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.

---

1. We believe it appropriate to comment that the respondent's brief was helpful to this court and contained the fruits of thorough research.