William Arron SELL,
Petitioner-Appellant,

v.

Gerald H. GOLDBERG, Director of Department of Revenue, Respondent.

No. 11442.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1980.

J. D. Baker, Belisle & Baker, Osceola, for petitioner-appellant.

John D. Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Appellant petitioned the trial court for a review of the revocation of his automobile

driving privileges for refusing to take a breathalyzer test. § 577.050, RSMo 1978. He contends that the trial court was in error in denying his petition "as the Trial Court's finding that the appellant refused to submit to a chemical breath test after having been informed of the consequences of his refusal is not supported by substantial evidence." He claims that there was no substantial evidence to show "that a proper request, including the required statutory warning as to the consequences of the refusal, was given . . . .."

Appellant says that the arresting officer's testimony is insufficient because he could not recall the exact words used in informing the appellant of the consequences of refusing to take the test and because the officer's version of the warning was only "close to" the words used. Appellant contends that without evidence of the words actually used by the officer, the trier of fact can only speculate if the required warning was given. The officer testified that he could not remember the "exact words", but he told appellant that if he refused to take the test, "chances are his license would be revoked for one year"; that a refusal would get his license "pulled, chances were". The officer stated that he was sure that he "got the point across" by advising appellant "at least once, probably twice" that his license would be revoked if he refused to submit to the test.

██ Section 577.050 requires the officer to inform the driver "that his license may be revoked upon his refusal to take the test". That section is identical to former § 564.444, RSMo 1969. Several decisions approved warnings not exactly in the language of § 564.444. No particular words need to be used by the officer so long as he accompanies the request with the requirements of the statute as to the reasons for the request and the possibility of license revocation if the request is refused. *Bolling v. Schaffner*, 488 S.W.2d 212, 215 (Mo. App.1972). A warning in substantially the language of the statute is sufficient. *In re Green*, 511 S.W.2d 129, 133 (Mo.App.1974).

A warning that if a driver refused to take the test "his license might be revoked" is sufficient. *State v. Hanson*, 493 S.W.2d 8, 12 (Mo.App.1973). A warning that refusal to take the test "may", "might", or "could" result in a revocation of license was held adequate in *Gerlach v. Spradling*, 540 S.W.2d 154 (Mo.App.1976).

██ Few witnesses, except with the aid of a writing, can recall the exact words used over two months before. While the officer did not recall the specific language used, he was sure that such a warning was given in language similar to that in the statute. We believe that the officer's testimony was sufficient for the trial court to find that a request was made and a warning was given substantially in the language of the statute. Lack of clear recollection may affect the weight of a witness's testimony, but it does not deprive it of all probative value. *Union Automobile Indemnity Ass'n v. Reimann*, 171 S.W.2d 721, 726 (Mo.App.1943). A witness who is not positive may make a statement of fact to the best of his recollection or belief. 98 C.J.S. Witnesses § 355, p. 79.

The judgment is affirmed.

BILLINGS, P. J., and MAUS, J., concur.