Jackie E. SWEARINGIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14075.

Missouri Court of Appeals, Southern District, Division One.

Nov. 25, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 10, 1985.

Application to Transfer Denied Jan. 15, 1986.

Elise Branyan, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

In 1977, movant, Jackie E. Swearingin, Jr., was jury-convicted of second degree murder, § 559.020,[1] RSMo 1969 (repealed 1983, now § 565.021). After the trial court determined that Swearingin was a second offender because of a 1970 conviction of car tampering, for which movant received a two-year sentence, the trial court sentenced Swearingin to 40 years' imprisonment on the murder charge. The conviction was affirmed on appeal. *State v. Swearingin*, 564 S.W.2d 351 (Mo.App.1978). On appeal, Swearingin did not allege any defect in the second offender procedures used by the trial court.

Movant then filed a motion to vacate his sentence, pursuant to Rule 27.26, V.A.M.R., alleging ineffective assistance of counsel at the trial court level for failing to call certain witnesses and ineffective cross-examination, and instructional error. The motion did not allege that the trial court improperly sentenced Swearingin as a second offender because he was a juvenile at the time of his 1970 conviction for car tampering. After evidentiary hearing, the motion was denied. The trial court's ruling was upheld on appeal. *Swearingin v. State*, 629 S.W.2d 560 (Mo.App.1981).

Movant then sought relief in the trial court via a petition for writ of error coram nobis seeking to have his sentence set aside on the grounds that "the petitioner's conviction under the habitual criminal act was unlawfully obtained.... The court did not prove or show former conviction of the defendant.... The indictment or information did not show petitioner as to be charged with the habitual criminal act."

The trial court denied relief, pointing out in a written opinion supporting its judg-ment that Swearingin had waived the issue of defects in the sentencing procedure under the second offender act by not raising it on direct appeal, or on appeal of the denial of his first 27.26 motion. *Swearingin v. State*, No. CV 182–1845–CC–2 (Greene County Circuit Court). The trial court's ruling was not appealed.

Swearingin then filed a petition for a writ of habeas corpus in Randolph County, where he was imprisoned, alleging for the first time that he was a "non-adjudicated 16 year old juvenile" at the time he entered a guilty plea to the car tampering charge, and, for that reason, that conviction was a nullity, and the trial court improperly relied upon it in sentencing him as a second offender for his murder conviction. The trial court denied relief, noting that Swearingin's remedy, if any, was through a Rule 27.26 proceeding, since Swearingin's claim was a collateral attack on the sentence imposed for the murder conviction.

Swearingin next filed a second 27.26 motion alleging the trial court relied on an invalid *Randolph County* car tampering conviction in finding him to be a second offender before sentencing him on the murder conviction. He asserted he was an uncertified juvenile at the time he had entered the car tampering charge, and that he had failed to raise the issue earlier because he had just discovered, by obtaining a copy of his birth certificate, that he was 16, and not 17, when he entered the car tampering plea.

The motion court denied the motion without evidentiary hearing. In its written findings and conclusions, the motion court correctly pointed out that the car tampering conviction occurred in *Greene County*, and *not Randolph County*, as alleged, and stated that, even if Swearingin was in fact 16, and not 17, at the time he entered the car tampering plea, there was nothing in the record to show movant was a ward of

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, and all references to rules are to Missouri Rules of Court, V.A.M.R.

the juvenile court at the time the guilty plea was entered. The motion court concluded that since the trial judge had general jurisdiction, as well as juvenile jurisdiction, "prima facie, the court had full jurisdiction to proceed as in an ordinary criminal proceeding."

Movant appealed to this court, but later requested that his appeal be dismissed without prejudice because of the confusion over the county in which Swearingin had entered the guilty plea to the car tampering charge. In accordance with movant's wishes, the appeal was dismissed. *Swearingin v. State*, Mo.App.S.D. 13653.

 Movant then filed a third 27.26 motion. This motion alleged, in a more detailed form than the prior 27.26 motion, that Swearingin was 16 years old when he entered his guilty plea to the car tampering charge, but thought he was 17. He stated he did not learn his true age at the time he entered that guilty plea until he obtained a copy of his birth certificate, after he was sentenced to 40 years' imprisonment on the murder charge.

The motion court, in denying movant's request to vacate his 40 year sentence, stated, in its findings of fact, conclusions of law and judgment that, even if Swearingin was a juvenile at the time he entered his plea to car tampering, "the trial court in the prior conviction had full jurisdiction to proceed with the case, and the prior conviction is not now subject to collateral attack." This appeal followed.

In his sole point relied on, Swearingin contends that it was prejudicial error to deny him an evidentiary hearing on the invalid prior conviction issue.

Our review is limited to a determination of whether the findings, conclusions and determination of the trial court are clearly erroneous. Rule 27.26(j). A certified copy of the judgment and sentence on the plea of guilty in the car tampering case is in the record. It is regular on its face, and is proper in form and substance. It shows that Swearingin, aided by counsel, entered a plea of guilty on July 27, 1970, to the car tampering charge in the circuit court of Greene County, and was sentenced to two years' imprisonment. There is nothing in that judgment to even remotely indicate that Swearingin was a ward of the juvenile court at that time, or that a juvenile court petition requesting that he be adjudged a delinquent because of car tampering had been filed.[2] The record was sufficient to support the trial court's finding that the second offender act was applicable. *State v. Goff*, 449 S.W.2d 591, 593–94 (Mo. banc 1970). This is so, even if we assume that Swearingin was indeed 16 at the time he was sentenced on the car tampering charge, as the sentencing circuit judge had general, as well as juvenile, jurisdiction, and there is no showing that any request was ever made by defendant, or his counsel, to transfer the matter to the juvenile court. *See State v. Goff*, supra, 449 S.W.2d 594–95; *State v. Reid*, 391 S.W.2d 200, 205–06 (Mo.1965).

We find no error. The trial court's order dismissing movant's third 27.26 motion without evidentiary hearing is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

---

**2.** Swearingin had evidently been previously adjudged to be a delinquent because of his lengthy juvenile record, which is as follows:

| | |
|---|---|
| 4/26/68 | Burglary and larceny, released. |
| 8/21/68 | Riding on a stolen motorcycle, released. |
| 1/24/69 | Glue sniffing, Greene County, probation. |
| 2/14/69 | Car tampering, continued on probation. |
| 2/27/69 | Runaway, continued on probation. |
| 3/13/69 | Glue sniffing, sentenced to MTS for boys, Boonville, sentence suspended, placed on official probation. |
| 4/17/69 | Common assault, continued on probation. |