**STATE of Missouri, Respondent,**

**v.**

**Lavern Charles HALE, Appellant.**

**No. 51563.**

Supreme Court of Missouri,
Division No. 2.

Feb. 14, 1966.

Motion for Rehearing or to Transfer to Court En Banc Denied March 14, 1966.

Harold C. Ackert, Herbert Wolkowitz, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Floyd L. Sperry, Jr., Sp. Asst. Atty. Gen., Clinton, for respondent.

BARRETT, Commissioner.

The appellant Lavern Charles Hale has been found guilty of robbery in the first degree and since the court found a prior felony conviction the court sentenced him to 15 years' imprisonment.

In brief the circumstances as shown by the state were that about 6 o'clock on January 22, 1965, Don Riggins entered the "trailer office" of his second-hand car business at 1525 N. Vandeventer Avenue. He turned on both the office and outdoor lights and almost immediately saw a man walk past the closed door. The man asked about the price of a particular automobile but Riggins told him "we wasn't open." Eventually, however, Riggins opened the door and as he turned to the right "a shadow was coming around the right side" of the trailer and Riggins said, "Is this fellow with you?" And then Riggins said that the first man "walked up to the door just casually and slow, and as he laid against that door he had this elbow, because I had two thousand things running through my head then. * * * Then I went to talking to him, because—I won't say or give you my opinion, but I knew what was happening, I looked at him real good." There was a "low one and a tall one." Riggins said, "Let me crank the car up" and when he reached toward a box by the door for a car key, "Just that quick the sawed-off shotgun was on me, 'Get back in there,' he said. * * * The tallest one (the appellant Hale) with the shotgun, he said, 'Get back inside, this is a stickup, get down there on the floor.'" Riggins got down on the floor and "they tied my legs first, and then he went to hunting the money, and I reached him the money out of the pockets * * * and as I went to look up the tallest fellow had sit down and two chairs right at the door with the gun in my ear, and he told me the types of names he wanted me to be called * * * he had the gun right in my ear, and he said, 'I got this gun in your ear, and if you move, I will blow your head off,' just like that. When I went to hand him the pocketbook to look up, the tallest one kicked me in the mouth because I was handing the money to the shorter one." The robbers took $500 in cash, a

ring and a watch, and left Riggins bound with a cord and gagged. At the trial Riggins identified appellant in this language: "That man there is the one that had the gun, the sawed-off shotgun, he is the one that held it on me and the one sitting with it on my head, he is the one that kicked me in the mouth." The robbers had "pulled my shoes off" and soon Riggins was able to open the door with his foot, a passing man untied the cord and he called the police. The facts as the jury could reasonably find them from this evidence support the charge of first degree robbery, robbery with a dangerous and deadly weapon. State v. Andrews, Mo., 309 S.W.2d 626, 628; State v. Foster, Mo., 349 S.W.2d 922.

Three days later, January 25, 1965, officers Cox and Schultz came to Riggins' home and took him to the morgue and "showed me several people that was in there. * * * Well, it was one particular person (Myree Chisom) there that I had identified to him that was one of the parties that was—that stuck me up. * * * I told him that was one of them, and it was the lowest one." One of the officers then took him to the 8th District police station and there from "a stack of photographs" he saw and pointed out a picture of the appellant Hale. On the following day, January 26, he was "brought into one room" where there were two men of similar height and build and immediately identified the appellant, "I was looking for the fellow that I knew robbed me, and this fellow seemed to be the same size as this fellow, but I knew he wasn't him because he didn't have that feature I was looking for. * * * He didn't have it, the side of the face and mouth and nose and hair," and even though by then his moustache "was growing back."

In this background the appellant's first assignment of error is that the court erroneously permitted testimony and argument by the state's attorney concerning his photograph on file at the police station. Specifically it is said that the court erred in not declaring a mistrial "where the defendant did not testify or put his character at issue and over his objection and the court's previous rulings, the assistant circuit attorney in his closing argument and during the direct examination of the state's witnesses repeatedly commented on, and elicited testimony that defendant's photograph was on file at police headquarters," the plain implication of the testimony and argument being, in the words of his argument, "that defendant had a prior criminal record."

In the first place, the record does not in fact support an assignment based on a prosecuting attorney's repeated disregard of the court's ruling—an "overall prejudicial effect." State v. Allen, 363 Mo. 467, 473–474, 251 S.W.2d 659, 663; State v. Burns, 286 Mo. 665, 671–672, 228 S.W. 766, 768–769. When the matter first arose, during the noted direct examination of Riggins, and defense counsel objected that the answer "indicates to the jury that this man has a police record and puts his character in issue" the court upon being informed that the appellant was not going to testify overruled a motion to discharge the jury but ruled "Sustained as to the other part. * * * Disregard that last question and answer of the witness. You may proceed." Forty-two pages of cross-examination intervened and during the examination of Officer Cox he said that they left the morgue and "went up to the identification bureau at police headquarters and at this time we obtained numerous photographs of subjects." Upon objection to this volunteered statement the court again overruled a motion for a mistrial but told the jury to "Disregard the last statement of the prosecutor and the answer of the officer." In the course of the prosecutor's opening argument in which he detailed the events leading up to Hale's identification and arrest, particularly Riggins' testimony, he said, "He further testified that he viewed various pictures." Upon defense counsel's objection the court instructed the jury to "Disregard the last statement," and the matter was not again referred to. These circumstances do not cogently demonstrate

an instance of misconduct of counsel in attempting to get before the jury improper matter within the meaning of State v. Allen and State v. Burns, supra.

In the second place appellant relies upon the unusual and for an appellate court the rather bizarre case of State v. Baldwin, Mo., 281 S.W. 940; 281 S.W. 943; 317 Mo. 769, 297 S.W. 10. While the present case could be distinguished on its precise circumstances, it is not necessary to do so and neither is it necessary to consider the rationale of that case. Upon this very subject State v. Baldwin was expressly overruled in State v. Rima, Mo., 395 S.W. 2d 102: "Therefore, we hold the statement of Larkins concerning recognition of a picture of defendant was not a basis for claiming prejudicial error." 395 S.W.2d l. c. 106.

The appellant's second briefed assignment of error is that the court erred in sentencing him under the habitual criminal act, RSMo 1959, § 556.280, V.A.M.S. There is no attack upon the constitutionality (State v. Johnstone, Mo., 335 S.W.2d 199) or applicability in general of the second offender statute. The second offender act was applicable to the prior conviction even though the punishment was fixed at fifty days in the St. Louis City Workhouse, the offense was the felony of carrying a concealed "dangerous or deadly weapon." RSMo 1959, § 564.610, V.A.M.S.; State v. Foster, Mo., 251 S.W.2d 675. The assignment of error is that the court erred in applying and sentencing the appellant under the second offender act because in doing so the court erroneously found that as to the prior offense he "was lawfully convicted of a prior felony when the evidence showed, beyond a reasonable doubt, that at the court proceeding of the prior felony conviction the defendant was not represented or assisted by legal counsel, all in violation of his right to assistance of counsel as guaranteed under the Fourteenth and Sixth Amendments to the Constitution of the United States and in violation of the 1945 Constitution of Missouri, Article I,

Section 18(A) [V.A.M.S.]." In support of the assignment the appellant relies of course upon Gideon v. Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and subsequent federal cases as well as the cases in this jurisdiction recognizing and enforcing that substantial right, Ex parte Stone, Mo.App., 255 S.W.2d 155.

■ In the first place again the categorical assertion of the assignment and the motion for new trial is not clearly supported by the record. Defense counsel stipulated that Hale was sentenced to the workhouse for fifty days, served his sentence and was discharged but he would "not stipulate as to the conviction," his contention being that in violation of Gideon v. Wainwright "this man pleaded guilty to a felony without the aid or assistance of counsel." Of course appellant's motion for a new trial and his assignment here insofar as they are concerned with facts or fact issues as shown by the record are not self-proving. When the appellant's prior conviction was introduced in evidence through the official records of the Circuit Court the judgment recited, among other matters, that "Now, on this day comes the Assistant Circuit Attorney for the State and the defendant herein, in person, and in custody of the sheriff of this City, *and in the presence of Joseph Noskay, attorney and counsel*, in open court, whereupon the defendant waives the reading of the information and enters a plea of guilty to the crime of carrying a concealed weapon. Said plea being accepted by the Court, and upon recommendation of the Assistant Circuit Attorney for the State, and being now asked by the Court if he has any legal cause why judgment should not be pronounced" sentenced him to fifty days in the workhouse.

The recital "and in the presence of Joseph Noskay, attorney and counsel" is indeed unusual and equivocal, it does not affirmatively appear that he was representing Hale, but, on the other hand it does not affirmatively appear that he was not representing him. Despite the fact that the

first record recital in this transcript is "Thereafter, on Thursday, February 4, 1965, *defendant in person and by attorney, Joseph Noskay,* waives reading of the information and pleads not guilty," Hale in testifying as to his prior record had this to say:

"Q. Do you know Mr. Joseph Noskay from the Public Defender's office?

"A. No, sir, I don't know him.

"Q. Have you ever heard of him?

"A. When I came through on this case.

"Q. In this present case? A. Yes, sir.

"Q. Had you met him ten years ago or twelve years ago in 1953 when this concealed weapons case was up?

"A. *I do not remember him."*

It is also an admitted fact as the record recites that Hale "enters a plea of guilty" and it does not follow as a matter of course from the mere fact of not being represented by counsel that his constitutional rights have been infringed. State v. Young, 361 Mo. 529, 534, 235 S.W.2d 369, 371. There is no claim here that when Hale entered his plea of guilty in 1953 that he was imposed upon, coerced, or that any unfair advantage was taken, and he is in the position of asserting a mere technical infringement of a theoretical right without reference to the record and without demonstration of prejudice. State v. Owens, Mo., 391 S.W.2d 248, 253–254.

■■■ Then upon this record there is the manner in which this problem was presented, this is not an appeal from the 1953 conviction, it is not a proceeding in habeas corpus and it is not a motion to vacate the judgment and sentence under Criminal Rule 27.26, V.A.M.R. Hale was here being tried for the principal and substantive offense of robbery in the first degree and it is proposed in this collateral, tangentical

manner to attack and invalidate a 1953 judgment and sentence. Of course a void judgment is subject to collateral attack but under a 27.26 proceeding the motion to vacate must allege facts, not mere conclusions, which if true would establish illegality of the judgment and mere failure to appoint counsel upon a plea of guilty is not sufficient in itself for that purpose. State v. Turner, Mo., 353 S.W.2d 602, 603–604; State v. Baugh, Mo., 382 S.W.2d 608, 610. Thus upon this record with the question presented in this manner it is not established that the 1953 sentence was illegal and therefore not available to the state as a basis for invoking the habitual criminal act.

The appellant was represented in the trial of his cause and here by diligent counsel and while these were the two points briefed and argued (Criminal Rule 28.02) questions not required to be presented in a motion for a new trial have been examined and the transcript shows compliance with all matters necessary to be considered by this court "upon the record before it." Criminal Rule 28.02; RSMo 1959, § 547.-270, V.A.M.S. The information appropriately charges the appellant with the offense of robbery in the first degree (RSMo 1959, § 560.120, V.A.M.S.; State v. Foster, Mo., 249 S.W.2d 371), a penalty within the statutory limits was inflicted (RSMo 1959, §§ 560.135; 556.280, V.A.M.S.), there was allocution and the sentence and judgment are responsive to the verdict. Criminal Rules 27.08, 27.09.

Since no prejudicial error is found or demonstrated upon the transcript the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.