**Alonzo Virgil SELMAN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55020.**

Supreme Court of Missouri,
Division No. 2.

June 8, 1970.

Pohlmann & Dieckman, Lloyd F. Dieckman, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant was convicted of the crime of assault with intent to kill and in 1965 the

judgment of conviction was affirmed. State v. Selman, Mo., 391 S.W.2d 193. Inasmuch as the appointed counsel filed no brief on the direct appeal, the affirmance was set aside (Bosler v. Swenson (C.A.8th), 363 F.2d 154), the direct appeal was reinstated, and was consolidated with a then pending appeal from a judgment overruling a motion to vacate the judgment under Supreme Court Rule 27.26, V.A.M.R. The judgment of conviction on the direct appeal was again affirmed, and the judgment overruling the motion to vacate judgment and sentence was also affirmed by decision October 30, 1968. See State v. Selman, Mo., 433 S.W.2d 572.

According to appellant's motion and his brief, he filed a petition in habeas corpus in the United States District Court for the Western District of Missouri which was dismissed without prejudice "for the reason that petitioner had not effectively exhausted his State remedies." That order gave rise to the filing of the instant motion to vacate the judgment and sentence. On July 14, 1969, the trial court overruled the motion without first holding an evidentiary hearing on the finding "from the files and records of this Court that the grounds presented by the instant motion were raised and determined adversely to Movant in a substantially identical motion filed pursuant to Rule 27.26 on the 1st day of June 1966 (State of Missouri vs. Alonzo Virgil Selman, 433 S.W.2nd 572)."

■ In the present motion the grounds for relief set forth are: "(a) Ineffective Assistance Of Counsel; (b) Defective Information; (c) Errors Of The Trial Court; (d) Unconstitutional Selecting Of The Jury." On this appeal appellant first asserts that he has been denied the right of a fair trial. In argument he develops the assertion in four respects. The first of these is the contention that the jury was instructed to change its verdict. The transcript of the record of the trial which is before this court, and was before the trial court, reveals that the jury did return a written verdict which quite apparently did not conform to the instruction on the forms of verdict. The jury was returned to the jury room with instructions to direct its attention to the form of verdict and that its written verdict must conform thereto. Thereafter the jury did return into court a proper responsive verdict. No objection to the procedure was then made, but more importantly, the same contention was made in the original motion to vacate and the trial court in denying the motion found "that none of the factual allegations in said motion to vacate judgment and sentence are true" but were untrue. The matter was not briefed on appeal, and was therefore finally adjudicated. Crosswhite v. State, Mo., 438 S.W.2d 11, 12 [1].

■ The second contention is that a former policeman and a juror who had a good friend on the police force and who had read of the case and heard of the case in news media were allowed to remain on the jury. The trial transcript shows that a Mr. Pem was on the Independence police department for about a year, and stated that he would be able to render a fair and impartial verdict. No objection was made to his selection as a juror for any reason. A Mr. Pugh stated he had a good friend who was once on the Prairie Village police force, and knew a few police officers downtown in business. He stated these facts would not prejudice him in the case. Again no objection was made. If there were any merit in appellant's contention, the same may not be considered in a motion to vacate sentence because they are merely trial errors which are outside the scope of such proceedings. Rule 27.26(b) (3); State v. Macon, Mo., 403 S.W.2d 630; Wilwording v. State, Mo., 438 S.W.2d 447, 449· [3].

■ The third contention is that appellant was denied a fair and impartial trial because the court discussed material evidence with the jury during his trial. Reference is made to the trial transcript which shows that the same matter was ruled on the original appeal (see 391 S.W.2d 193, 195). Although that opinion was set

aside, appellant did not choose to again assert it on the new appeal (433 S.W.2d 572). Under Rule 28.02, V.A.M.R., the issue is deemed abandoned and finally adjudicated, Crosswhite v. State, supra, and cannot now be the basis for a second appeal in this proceeding, White v. State, Mo., 430 S.W.2d 144, 146.

■ The fourth contention is that appellant "was denied a fair trial in that the prosecuting attorney and the court appointed counsel were allowed to discuss guns used in other robberies in the presence of the jury, and that same was unconstitutionally prejudicial." Substantially the same allegations were made by appellant in his first post-conviction motion and were ruled adversely to him by the trial court. He did not reassert the matter on his consolidated appeal (433 S.W.2d 572) and again it stands finally adjudicated so as to bar raising it on a successive motion.

■ As to appellant's asserted ground for relief "(a) Ineffective Assistance Of Counsel" he says in the argument portion of his brief: "It is the contention of Movant that his instant motion contains sufficient factual allegations as to warrant a hearing thereon. Movant has alleged in his motion that court appointed counsel representing him in the prosecution of his first motion under 27.26, and on the appeal thereof, was ineffective (27.26 Tr. 6 and 7)." With respect to adequacy of counsel in his 27.26 proceedings appellant alleges in paragraph 7 of his present motion: "Mr. J. Arnot Hill, Court-appointed counsel representing Petitioner at the Hearing of his Motion to Vacate Judgment and Sentence, under Missouri Supreme Court Rule 27.26, made no improvement in assistance given this prisoner. Said counsel merely put the petitioner on the stand and asked him questions in view of the fact he knew the prisoner was uneducated, in an embarrassing position, and could not adequately explain his points, nor the violations of his rights contained in the motion. Appeal was filed by Mr. Hill in the Missouri Supreme Court, and Affirmed." It is apparent that the motion fails to allege any facts which if true would have established the illegality of the judgment. Appellant's conclusions only are asserted. State v. Hale, Mo., 400 S.W.2d 42; State v. Lillibridge, Mo., 399 S.W.2d 25 (cert. den. 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551); State v. Statler, Mo., 383 S.W.2d 534. The record on the hearing of the motion shows that Mr. Hill had appellant take the stand and with him went over the allegations of the motion in detail, giving appellant the opportunity to explain his positions thereon. The record also shows that Mr. Hill consulted with appellant the day before the hearing and explained to him the reasons why certain of his allegations were without merit. Thus, the record shows that appellant had good representation, which coupled with the conclusionary allegations, supra, show that he is entitled to no relief.

■ The second assertion (Point II) is that the trial court erred in failing to grant appellant an evidentiary hearing on the allegations of his motion. As is apparent from the foregoing discussion, each of appellant's contentions (and his allegations of his motion) was determinable from the files and records in the case. Appellant's allegations do not directly contradict the records of the court which conclusively show throughout that he is entitled to no relief. The trial court did not err in failing to grant an evidentiary hearing.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and JENSEN, Special Judge, concur.

FINCH, J., not sitting.