UNITED STATES of America, Appellee,

v.

Ronald Charles DRAKE, Appellant.

No. 76–1416.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1976.

Decided Oct. 20, 1976.

Certiorari Denied Jan. 10, 1977.

See 97 S.Ct. 762.

Paul E. Ground, Manchester, Mo., for appellant.

Charles H. Staples, Asst. U.S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U.S. Atty., St. Louis, Mo., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and WEBSTER, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Drake was indicted in a four-count indictment charging distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Defendant, after entering a plea of not guilty, was tried by a jury, found guilty on all counts, and sentenced to ten years imprisonment on each count, plus a special parole term of three years, the sentences to be served concurrently. This timely appeal is taken from such final judgment and sentence.

The sales here involved were made to undercover police officers who positively identified the defendant as the seller. The testimony that heroin was involved in the sales is undisputed. Defendant testified as a witness and denied the sales. He expressed the view that the purchasers either lied or were mistaken in identifying him as the vendor. He further testified that he had had a quarrel with Eddie Dunlap, a Government informer, and that he was framed. The record reflects the Government presented a strong case against the defendant. Other material evidence will be covered in the discussion of the defendant's asserted errors.

For reversal, defendant relies upon the following points:

I. Defendant is entitled to a new trial because, by reason of a recent injury and treatment thereof, he was not competent to stand trial and thus was denied his Sixth Amendment right to confront the witnesses against him.

II. The court improperly permitted the Government, over his objection, to cross-examine him concerning his knowledge of the identity of persons making sales of drugs at 4316 Delmar.

III. The prosecuting attorney committed plain error in interrogating the defendant concerning Eddie Dunlap and the court erred in excluding, on its own motion, an answer to the question, which was not objected to by the defendant.

For reasons hereinafter stated, we hold each of such contentions lack merit. We affirm the conviction.

I.

Defendant contends that he was incompetent at the time of the trial and that by reason thereof he was deprived of his Sixth Amendment right to confront the witnesses against him. The only record made at the trial on this issue is a colloquy between defendant's counsel and the court at the opening of the trial, reading as follows:

MR. GROUND: Your honor, my client tells me that he has been injured in a fall this morning. He's had an injection of tetanus toxoid of some sort and he feels a little bit queasy this morning, so sometimes he may feel that he can't proceed. Presently, he feels it's okay to proceed.

THE COURT: We'll go ahead and I'll tell the jury he's had a slight accident.

This case is readily distinguishable from *Ashley v. Pescor*, 147 F.2d 318 (8th Cir. 1945). We there recognized that a person insane or mentally incompetent to aid in his defense is not mentally present at the trial. We stated the test of incompetency to be:

> The test to be here applied is whether the accused, even though not entirely sane, comprehended his own condition with reference to the accusation pending against him, and whether he could rationally conduct his defense. [147 F.2d at 320.]

In *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the Court held that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."

We have carefully examined the transcript of the trial. The defendant testified as a witness. We can find nothing in the record to support a finding that the defendant was incompetent to stand trial under the standards hereinabove stated.

Moreover, from counsel's statement at the opening of the trial that the defendant was able to proceed, and from the failure to raise the issue of defendant's competency to stand trial at any time during the trial or by post-trial motion, it is reasonable to assume that counsel felt defendant was able to consult with him with a reasonable degree of understanding. Also the record as a whole lends no support to defendant's contention that he was incompetent to stand trial.

## II.

On direct examination defendant was asked whether or not drugs were being sold at 4316 Delmar while he was living there with his common law wife, who was a resident on such premises. He said he believed so but that he did not want to mention any names. Defendant was asked how the sales were usually handled. He described a window through which transactions were usually made. The defendant's defense, at least in part, was that he was not adequately identified as the vendor and that the purchases, if made, were from some other individual at 4316 Delmar. On cross-examination, defendant was asked whether he was challenged when he attempted to enter the premises at 4316 Delmar. He responded, "I was still challenged sometimes while—after they take care of it through their window, I had to wait five, ten minutes."

Defendant was then asked who "they" were. Objection to the question was overruled on the ground the question was proper cross-examination. Defendant then named some persons and in response to a question answered, "Well, from the funny type of way they were carrying theirself and pills on them and stuff like, you know, I didn't get into their business because, you know—just feared my life."

We agree with the trial court's determination that the defendant by his direct examination opened the door to the challenged cross-examination. The extent of the cross-examination rests largely in the trial court's discretion. Rule 611(b), Federal Rules of Evidence; *United States v. Seeverts*, 428 F.2d 467, 468 n. 1(5) (8th Cir. 1970).

Defendant has failed to demonstrate that the court abused its discretion in permitting the challenged cross-examination.

## III.

Defendant testified that he did not pry into what other occupants were doing because of fear they would "do something to me." The record discloses the following question by the prosecuting attorney in the proceedings in connection therewith:

Q Did you fear the same thing might happen to you that happened to Eddie Dunlap?

A No, what happened to Eddie Dunlap?

Q Didn't you tell Mr.—

THE COURT: Well, the objection will be sustained at that particular point.

MR. STAPLES: Is there an objection?

THE COURT: I'm making one.

At a bench conference in the absence of the jury, the court was advised that Eddie Dunlap was an informant in the case and that counsel for both sides believed he was deceased. Defendant's counsel stated he had no objection to the admission of an answer to the question propounded. The court prohibited an answer, stating, "I think it may be plain error to get this guy semi-accused of murder in this instance." As heretofore stated, there was evidence that the defendant had had a quarrel with Eddie Dunlap.

Defendant made no objection to the question asked by the prosecutor, nor did he make a motion for a mistrial. He first raises the propriety of the question, and of the court's exclusion of an answer, upon appeal. By failing to raise the issue in the trial court, he can prevail, if at all, on the basis of the plain error rule. In our view the error, if any, was harmless. There is nothing in the record before the jury to disclose what happened to Eddie Dunlap or whether defendant had any knowledge with reference thereto. Moreover, defendant specifically waived objection to the question. In his brief, defendant's counsel states that as a matter of trial strategy he believed that the answer would have supported defendant's contention that he feared reprisals and thus would have rehabilitated defendant for his reluctance to answer questions about the identity of the person selling drugs. Upon the record before us, we do not believe the trial court committed plain or prejudicial error in refusing to require the witness to answer the prosecutor's question. What, if anything, happened to Eddie Dunlap was not an essential element of the prosecutor's case.

The prosecutor made no objection to the court's ruling. The defendant on redirect examination made no attempt to introduce the evidence here in controversy.

Affirmed.