STATE of Missouri,
Plaintiff-Respondent,

v.

Homer Lee LASITER,
Defendant-Appellant.

No. 10477.

Missouri Court of Appeals,
Springfield District.

Feb. 3, 1978.

Motion for Rehearing or Transfer
Denied Feb. 28, 1978.

Application to Transfer Denied
April 10, 1978.

Lloyd R. Henley, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Prosecuted as a second offender, § 556.-280,[1] defendant Homer Lee Lasiter was found guilty by a jury of the crime of robbery in the first degree, § 560.120, and he was sentenced by the court to 15 years' imprisonment. The robbery was committed on July 23, 1976, and the trial was held on September 7, 1976. Defendant appeals.

Defendant's first "point relied on" is that the trial court erred in allowing the defendant to be tried under the Second Offender Act [§ 556.280] "for the reason that the court made no finding on whether defendant was represented by counsel at a prior conviction, which was a matter at issue, and a finding of representation or waiver thereof is a requirement for use of the act's provisions."

The information, in addition to charging the robbery, alleged that on November 8, 1968, the defendant was convicted in the Circuit Court of Christian County, Missouri, of a felony (grand stealing), an offense punishable by imprisonment in the peniten-

tiary, was sentenced to three years' imprisonment and was subsequently placed on probation for three years.

Outside the hearing of the jury the court heard the evidence in support of the allegation of the prior conviction. That evidence included certified records of the Christian County proceeding. The recitals in those records included:

"Now on the 8th day of November, 1968 comes the State of Missouri by Prosecuting Attorney, and comes also the defendant in proper person in open court, and whereupon the Court informed the defendant of his right to counsel and explained wherein the exercise of said right might be of benefit to the defendant and *appoints Phillip R. Garrison, an attorney, to act as counsel for the defendant and notifies said counsel that a reasonable time will be allowed in which to prepare the defense. Whereupon, after this defendant has had an opportunity and reasonable time to consult with his said counsel and with a friend and both defendant his said counsel being present in open court,* defendant is duly arraigned and enters a plea of guilty to the charge of Grand Stealing, a felony, and the Court states to the defendant that he has voluntarily entered his plea of guilty. . . ."

During the hearing with respect to the prior conviction the defendant, as a witness for himself, testified that he "didn't believe that he remembered" discussing the matter with his attorney prior to entering the plea. He stated that he did talk to the attorney after he entered the plea. On cross-examination by the prosecutor he admitted that "today was the first time" he had ever said anything about not talking to the attorney until after the plea was entered.

After hearing the evidence with respect to the prior conviction, the court made formal findings of fact to the effect that the defendant was convicted on November 8, 1968, in the Circuit Court of Christian County, Missouri, of the crime of grand stealing, an offense punishable by imprisonment in the penitentiary, and that the de-

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1969 V.A.M.S.

fendant was thereupon sentenced and placed on probation. The court also found that defendant was a second offender within the meaning of § 556.280 and that the case would proceed under that statute.

"[T]he important requirement for the protection of a defendant is that the *proof* (the evidence) as to prior convictions sufficiently establishes those things required for the Second Offender Statute to be applicable, viz: that defendant was *convicted* of a prior offense punishable by imprisonment in the penitentiary; that he was *sentenced* therefor; and that he was subsequently *placed on probation, paroled, fined or imprisoned therefor."* State v. Blackwell, 459 S.W.2d 268, 272[3] (Mo.banc 1970). (Emphasis in original) The court also held that where the necessary proof has been made, "specific recitals," although desirable, "are not an absolute prerequisite" to the disposition of the case pursuant to the statute and that the court's order reciting a finding of the prior conviction and the applicability of the statute is sufficient. "Such an order implies specific findings in accordance with the ultimate finding and conclusion stated." [2]

The findings made by the court in the case at bar are more than sufficient to satisfy the holding in *Blackwell.*

██ The argument portion of defendant's brief contains an assertion that is probably beyond the scope of his first point. There defendant complains that the trial court failed to make a specific finding with regard to the *adequacy* of the manner in which defendant was represented by counsel in connection with the prior conviction. Defendant asserts that it was incumbent upon the trial court to make an inquiry into that issue and to make a specific finding thereon. That defendant's position is untenable is demonstrated by the following authorities: *State v. Hale,* 400 S.W.2d 42 (Mo.1966); *State v. Goff,* 449 S.W.2d 591 (Mo.banc 1970); *State v. Johnson,* 504 S.W.2d 23 (Mo.1973); *State v. Dittman,* 542

S.W.2d 72 (Mo.App.1976). Each of these cases involved a defendant who was prosecuted as a second offender.

In *Hale* the defendant claimed that the state's showing of the prior conviction was insufficient because the defendant pleaded guilty without the assistance of counsel. The record with regard to the prior conviction showed that an attorney was present but it did not specifically say that he represented the defendant. Other portions of the record concerning the prior conviction implied that the attorney did represent the defendant. The court said, in 400 S.W.2d at p. 46:

"Then upon this record there is the manner in which this problem was presented, this is not an appeal from the 1953 conviction, it is not a proceeding in habeas corpus and it is not a motion to vacate the judgment and sentence under Criminal Rule 27.-26, V.A.M.R. Hale was here being tried for the principal and substantive offense of robbery in the first degree and it is proposed in this collateral, tangentical (sic) manner to attack and invalidate a 1953 judgment and sentence. Of course a void judgment is subject to collateral attack but under a 27.26 proceeding the motion to vacate must allege facts, not mere conclusions, which if true would establish illegality of the judgment and mere failure to appoint counsel upon a plea of guilty is not sufficient in itself for that purpose."

The court held that on "this record with the question presented in this manner" there was no showing that the prior conviction was invalid.

In *Goff* the court pointed out that the record of the prior conviction was regular on its face and "proper in form and substance." The court said that it must assume, on the record before it, that the defendant had not attacked the prior conviction "by utilizing any of the available remedies such as a motion under [Rule 27.-26] or a habeas corpus proceeding, or if he

---

2. See *State v. Franklin,* 547 S.W.2d 849, 851 (Mo.App.1977) where the court construes *State v. Blackwell,* 459 S.W.2d 268 (Mo.banc 1970) as "tending to indicate that even an omitted general finding can be implied if the necessary facts have been proved."

did so his effort was unsuccessful." The record of the prior conviction showed "a waiver of counsel as well as other elements relating to the defendant's right to counsel."

In 449 S.W.2d at p. 597 the court said:

"There is no violation of the defendant's constitutional right to legal counsel apparent on the face of the judgment. On the contrary, compliance and observance of the right is shown. By his failure to take timely advantage of the various remedies provided to set aside the judgment for invalidities not apparent on the face of the judgment, the defendant has waived any such defects as a ground of objection to the admission of the certified copies of the judgment as evidence of a prior conviction." (Emphasis added)

In Johnson the record with respect to the prior conviction reflected a "waiver of right to counsel." The court rejected defendant's contention that he had been denied counsel at the prior conviction and held that the record of the prior conviction was admissible and sufficient. Citing Goff, the court held that "furthermore" defendant's failure to take timely advantage of the various remedies available for setting aside the prior conviction for invalidities not apparent on the face of its record constituted a waiver of such non-apparent invalidities as a ground for objection to the admission of the record of the prior conviction.

In Dittman the record of the prior conviction reflected a waiver by defendant of "trial by jury and defense by counsel." Defendant attacked that record as insufficient on the ground that it failed to show that he "knowingly and voluntarily waived his constitutional rights." The court, citing Goff, rejected defendant's contention as "too feeble to stand." The court said:

"We find no irregularities or deprivation of defendant's constitutional rights on the face of the certified copy of the judgment of defendant's prior § 564.440 conviction," 542 S.W.2d at p. 74. (Emphasis added) The record of the prior conviction was held to be sufficient for invoking the Second Offender Act.

It is true that in State v. Thomas, 452 S.W.2d 160, 163[7–8] (Mo.1970) the trial court, during the trial of the second offense and outside the hearing of the jury, heard evidence from defendant which attacked the adequacy of his representation by counsel at the time of the prior conviction. The trial court made an express finding that the challenged representation was adequate. The supreme court held that the findings of the trial court were proper and were not erroneous. But the court did not say that the trial court had a duty to receive evidence on the issue and to make a specific finding thereon.

This court holds that the evidence with respect to the prior conviction was sufficient to support the finding of the trial court that the Second Offender Act was applicable and that the trial court did not err in failing to make a specific finding with regard to the adequacy of the manner in which defendant was represented by counsel in connection with the prior conviction.

Defendant's first point has no merit.

Defendant's second "point relied on" is that the trial court erred in permitting the case to go to trial and in imposing the sentence "because there were substantial doubts about defendant's competency and awareness at time of trial and his ability to participate effectively in his defense," and that the trial court further erred in not invoking "procedures available for the resolution of those doubts."

"It has long been accepted that a person whose mental condition is such that he lacks the capability to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subject to a trial." Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103, 112 (1975).

The test of a criminal defendant's competency to stand trial is whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he

has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Stroder v. State*, 522 S.W.2d 77, 82[15] (Mo.App.1975).

■ "No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." § 552.020(1). If the trial court had reasonable cause to believe that defendant had "a mental disease or defect excluding fitness to proceed," it was his duty, sua sponte or on motion filed by the state or by defendant, to order a psychiatric examination. § 552.020(2).

The question of defendant's competence to proceed is one for the trial judge and not for the jury and the court "must confront and determine the issue at whatever stage of the trial it may arise." *State v. Clark*, 546 S.W.2d 455, 468 (Mo.App.1977).

■ On the morning of this one-day trial, and prior to its commencement, the defendant, on direct examination by his own attorney, testified with regard to circumstances surrounding the prior conviction. His testimony dealing with that subject covers five pages of the transcript and is coherent.

Defendant's attorney Mr. Clough then elicited from defendant that he had taken "one valium" at 5 a. m. Defendant said he was "a little vague on what was going on this morning." Thereupon the trial court extensively interrogated the defendant. The defendant said that he was able to understand "what Mr. Clough has been asking me today." He understood the factual particulars of the offense with which he was being charged. He said he was able to make his ideas known to Mr. Clough and he was thinking clearly "at this time." Questioned by the prosecutor, the defendant said that he felt well enough to go ahead with the trial and was thinking clearly enough to cooperate with Mr. Clough. He mentioned specific topics that he had discussed that day with Mr. Clough.

Attorney Clough informed the court that he had conferred earlier that day with the defendant and, although the defendant was nervous, Clough felt the trial should proceed.

The court then made a specific finding of competency. The court said it was basing its finding on the testimony of the defendant, the court's observation of the way he spoke, the statement of Mr. Clough, and other testimony defendant had recently given.

The trial commenced later in the morning, recessed for lunch, and resumed in the afternoon. The jury retired to deliberate at 5:35 p. m. Thereupon attorney Clough placed the defendant on the stand and elicited coherent testimony from him with regard to his decision not to take the stand and with regard to conferences defendant had had with Clough that day which culminated in that decision.

The court, on its own initiative, then interrogated the defendant about "this valium thing." Again the interrogation was extensive. Defendant said he had taken another pill at noon. Asked by the court whether there was anything about the trial which he didn't understand, defendant replied that he didn't understand why one witness referred to his curly hair as being kinky. Defendant said he had had no trouble discussing the case with Mr. Clough during the trial.

Attorney Clough informed the court that he had discussed the case with the defendant throughout the day and that they had been able to communicate with each other. The defendant agreed with Clough's statement.

The motion for new trial, filed two days after the verdict, made no mention of incompetency. On September 13 a hearing was held on defendant's motion for new trial. At that time Mr. Clough informed the court that defendant had told Clough that morning that he remembered nothing about the trial.

On the stand defendant testified that he understood what was going on "right now"

but said that at the trial "I just lost track of everything." He said that he took "23 valiums" on the day of the trial but remembered that he had given contrary testimony on that day. Defendant stated he was lying when he gave the latter testimony.

The court stated that from his interrogation of the defendant on the day of the trial he was satisfied that defendant was able to proceed. He said that during the trial he had observed the defendant "looking with interest and intentness at what was going on" and "there was no look on his face of blankness or incomprehension that would have indicated to the court that he was not able to follow the proceedings or otherwise advise with counsel."

The court pointed out that no request had been made, at the trial or at the hearing on the motion, that defendant be given a psychiatric examination and the court said that he saw no reason why the court, on the basis of the defendant's statements "made today," should order such an examination. "It just seems to me the court is entirely justified, after the lengthy session last Tuesday, and observing the witness, who frankly spoke with more conviction then than he does today, to believe what he said last Tuesday."

Bailiff Martin Pettitt, who had custody of the defendant during the trial, testified that he saw no difference between the defendant's actions on the day of the trial and at the time of the motion hearing. He said the defendant talked extensively with defendant's sister during recesses at the trial.

The foregoing record demonstrates that defendant's second point is inaccurate in claiming there were "substantial doubts" about defendant's competency to proceed. The experienced trial court, acutely aware of his responsibility to safeguard defendant's rights, held three hearings on the issue. The first two hearings were held on the day of the trial itself, one before it commenced and the other while the jury was deliberating. The third hearing was held in connection with the motion for new trial. Defendant himself testified at each of the three hearings and his testimony was coherent. At none of the three hearings did defendant or his attorney request, or even suggest the possibility of, a mental examination.

Defendant's claim of trial incompetency is based upon his testimony at the third hearing wherein he testified, in effect, that he was incompetent at the first two hearings. The trial court was not required to believe that testimony and this is especially so since it was in conflict with the trial court's own observation of the defendant at the first two hearings and with the meticulous record. Defendant's counsel at no time protested that his client was incompetent, although he dutifully brought to the attention of the trial court information which the defendant had conveyed to him concerning his alleged consumption of valium.

The federal appellate courts have displayed an understandable reluctance to interfere with the trial court's determination concerning competency to stand trial. That determination "should not be set aside unless clearly arbitrary," *In re Harmon*, 425 F.2d 916, 918[3] (1st Cir. 1970), or "unless it is clearly arbitrary or unwarranted," *United States v. Gray*, 421 F.2d 316, 317[2] (5th Cir. 1970), or unless "clearly erroneous," *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976), although the latter authority states that the appellate court "must take a hard look at the district court's ultimate determination." In Missouri the scope of review of the trial court's determination is governed by Rule 73.01. *State v. Clark*, 546 S.W.2d 455, 469[23] (Mo.App.1977).

The foregoing record fails to demonstrate that the trial court had reasonable cause to believe that defendant lacked the capacity to understand the proceedings against him or to assist in his own defense and accordingly the trial court did not err in failing to order, sua sponte, a psychiatric examination. *McCarthy v. State*, 502 S.W.2d 397, 404[10] (Mo.App.1973); *Sears v. State*, 536 S.W.2d 923, 926[6] (Mo.App.1976); *State v. Mares*, 486 S.W.2d 215, 217[3] (Mo.1972); *United States v. Robinson*, 530 F.2d 677 (5th Cir. 1976); *United States v. Drake*, 542 F.2d 1020 (8th Cir. 1976).

Defendant's second point has no merit.

■ Defendant's third "point relied on" is that the prosecuting attorney, during his final argument, committed reversible error in making statements which defendant construes to be a comment upon the failure of defendant to testify, thereby violating defendant's constitutional rights and the prohibitions contained in § 546.270 and Rule 26.08.

No objection was posed to the challenged remarks at the time they were made or in defendant's motion for new trial. Accordingly, the point has not been preserved for appellate review. *State v. Kelly*, 539 S.W.2d 106, 112[12] (Mo.banc 1976); *State v. Coleman*, 524 S.W.2d 27, 31[9] (Mo.App. 1975).

Defendant urges that the point be reviewed as plain error under Rule 27.20(c). The challenged remarks, considered in context, may be subject to the construction which defendant now seeks to place upon them but they do not necessarily require that construction. This court has concluded that they did not result in "manifest injustice or miscarriage of justice" and that defendant's claim of plain error must be overruled. *State v. Collins*, 519 S.W.2d 362, 363[3] (Mo.App.1975).

Defendant's fourth "point relied on" is that the prosecutor committed reversible error in stating, in his final argument, that defendant's face "is one that no normal person could ever forget" and "stands out in a crowd like a sore thumb." No objection was made to either remark and the matter has not been preserved. *State v. Martin*, 484 S.W.2d 179, 180[1] (Mo.1972); *State v. Barron*, 465 S.W.2d 523, 529[9] (Mo. 1971).

The judgment is affirmed.

All of the Judges concur.