STATE of Missouri, Respondent,

v.

Jerry POWELL, Appellant.

No. 40294.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1979.

Charles F. James, Public Defender, Wentzville, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Gregory W. Schroeder, Kristie Green, Asst. Attys. Gen., Jefferson City, Jess L. Mueller, Pros. Atty., Lincoln County, Troy, for respondent.

GUNN, Judge.

Defendant was convicted of burglary second degree and stealing and was sentenced under the Second Offender Act—§ 556.280, RSMo 1969. His appeal charges three points of alleged trial error: (1) abuse of discretion in denying his request for continuance; (2) sentencing under the Second Offender Act; (3) denying his request for dismissal of the jury panel composed primarily of white, employed veniremen. We find no error and affirm the judgment of conviction.

On Labor Day, 1977 defendant was observed by the owner of an Elsberry, Missouri quarry running from a tool and supply shed on the quarry property. The lock to the shed door had been broken and forced open. Two automotive batteries and starters had been taken from the shed. The defendant was personally known to the quarry owner and was positively identified as the person he had seen running from the shed.

On the day of the trial defendant was an hour and a half late in reporting for trial,

and proceedings had to be delayed by reason of his late appearance. Defendant had previously met with his counsel for one interview and had failed to keep another pretrial appointment with his attorney and return a telephone call, although advised to call collect. When defendant did finally appear at court for trial, he advised his counsel "that there possibly may be additional witnesses which would assist him in this case." His attorney thereupon requested a continuance which was refused. Trial wâs commenced, ending with defendant's conviction for second degree burglary and stealing.

Considering defendant's first point claiming error in denying his continuance request, we observe that the request failed to comply with Rule 25.08, which in itself is ground for denying a continuance. *State v. Davison*, 545 S.W.2d 723 (Mo.App.1977). Further, under the circumstances recited we find no abuse of the trial court's substantial discretion in denying the continuance. *State v. Cheesebrew*, 575 S.W.2d 218 (Mo.App.1978); *State v. Higgins*, 568 S.W.2d 552 (Mo.App.1978).

Defendant's second point charges that there was no proof of a prior conviction and imprisonment, and, therefore, he was not subject to the Second Offender Act. The state's evidence regarding the prior conviction and imprisonment was the Lincoln County Circuit Court file identified by the Deputy Circuit Clerk as the record of defendant with a docket entry ordering and sentencing him to two concurrent two year terms of imprisonment for burglary and stealing. The Lincoln County Sheriff testified that he had personally taken the defendant to the state penitentiary in Jefferson City where he was incarcerated. And Defendant overlooks his own testimony that he had been convicted and incarcerated for the prior offense.[1] The evidence here is sufficient to fulfill the requisites for applying the Second Offender Act. *State v. Lasiter*, 562 S.W.2d 751 (Mo.App.1978); *State*

*v. Wilson*, 544 S.W.2d 859 (Mo.App.1976); *State v. Brown*, 543 S.W.2d 56 (Mo.App. 1976).

Defendant's final complaint relates to the trial court's failure to strike the jury panel on his claim that it did not include a representative cross section of the community in which he lived. He openly concedes that there can be no allegation nor was there proof that blacks were systematically excluded from his or other jury panels in Lincoln County where he was tried. *State v. Pittman*, 569 S.W.2d 277 (Mo.App.1978). And his bare allegation that the jury panel did not include a representative cross section of the community in which he lived affords no ground for relief. This point was answered precisely in *Wallace v. State*, 556 S.W.2d 471, 472 (Mo.App.1977).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. "Q. [prosecutor] Isn't it a fact that you have been convicted of a burglary and stealing charge?
  A. [defendant] Yes.

Q. Isn't it a fact that you spent time in the penitentiary as a result thereon?
  A. Yes."