Buford R. NICKELSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 40515.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 1979.

William J. Shaw, Public Defender, Stephen C. Moore, Asst. Public Defender, Clayton, Robert A. Cosentino, Manchester, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Marjorie Wholey Haines, Asst. Attys. Gen., Jefferson City, for respondent.

GUNN, Judge.

After being provided a complete evidentiary hearing on his Rule 27.26 motion, movant appeals the trial court's denial of the motion. He bases his appeal on ineffective assistance of counsel; we affirm the trial court's action.

Movant was convicted of stealing a motor vehicle and sentenced under the Second Offender Act to seven years imprisonment. The judgment of conviction was affirmed in *State v. Nichelson*, 546 S.W.2d 539 (Mo.App. 1977), which sets forth the facts supporting the conviction. The appeal from the denial of his Rule 27.26 motion charges that the trial court erred in failing to find ineffective assistance of trial counsel: (1) for failing to personally represent the movant at the sentencing stage of the proceedings and failing to discuss with him the contents of his pre-sentence investigation report; (2) in failing to interview and call his co-defendant as a witness in the trial. Another point raised in the 27.26 appeal contends that movant was improperly sentenced under the Second Offender Act.

■ Movant complains that his trial attorney, Claude Hanks, did not personally represent him at the sentencing stage of proceedings. Instead, another lawyer from Mr. Hanks' office—a duly qualified member of the Missouri Bar—appeared with movant. Movant suggests that Mr. Hanks' presence—rather than that of an associate lawyer from his office—at the sentencing stage of the proceedings would somehow have converted the sentence to one of a lesser penalty. Although the movant has the constitutional right to be represented by counsel at sentencing, he does not have the right to a particular attorney. *State v. Washington*, 570 S.W.2d 838 (Mo.App.1978); *Stroder v. State*, 522 S.W.2d 77 (Mo.App. 1975). This rule applies even though the movant has retained and paid for a certain counsel's services. *Young v. State*, 473 S.W.2d 390 (Mo.1971).

■ Movant's argument that his attorney's failure to make an argument for leniency at sentencing does not afford a basis for declaring ineffective assistance of counsel. The record is clear that the trial judge had carefully reviewed the pre-sentence investigation report and had it before him at the time of sentencing. It was not necessary that movant or his attorney be offered the opportunity to vocalize any mitigating circumstances that might have been contained in the report. *See, Tyler v. State*, 574 S.W.2d 434 (Mo.App.1979). Nor does movant in his motion actually complain that he did not have the opportunity to discuss the pre-sentence investigation report with his counsel—only that he should not have been sentenced because he had not committed any crime. That aspect of the case was determined unfavorably to movant in *State v. Nichelson*, supra, and need not be considered further here.

■ Movant next argues that his counsel failed him by not interviewing the co-defendant to the crime for which movant was convicted. However, movant's trial counsel testified at the 27.26 hearing that both of them had discussed the possibility of using the co-defendant as a defense witness; that the movant, however, had expressed concern that the co-defendant would testify favorably for the State and that he did not want his testimony. Based on these expressed fears and his own analysis of the case, the decision by movant's counsel not to interview the co-defendant and utilize his testimony was obviously a matter of trial strategy and an exercise of movant's counsel's professional experience. It is also obvious that discussions with the movant provided his counsel with no basis to conclude that the co-defendant's testimony would be

helpful to the defendant. Hence, no ground exists for finding ineffective assistance of counsel on the issue of interviewing the co-defendant. *Williams v. State*, 566 S.W.2d 241 (Mo.App.1978); *Aikens v. State*, 549 S.W.2d 117 (Mo.App.1977).

Finally, movant complains that he was unlawfully sentenced under the Second Offender Act—§ 556.280, RSMo 1969.[1] The act requires that the defendant be convicted and sentenced for a prior offense punishable by imprisonment in the penitentiary and subsequently be placed on probation, paroled, fined or imprisoned for the offense. *State v. Lasiter*, 562 S.W.2d 751 (Mo.App. 1978); *State v. Wilson*, 544 S.W.2d 859 (Mo. App.1978). The evidence at movant's trial was a certified copy of the judgment against movant for a prior felony for which he was sentenced to four years imprisonment and given probation. Further, the record contains movant's specific admission that he had previously been convicted for a felony and put on probation; that the probation was revoked and defendant incarcerated in the state prison. This evidence is sufficient to fulfill the prerequisites for applying the Second Offender Act. *State v. Powell*, 581 S.W.2d 442 (Mo.App.1979); *State v. Lasiter*, supra.

The judgment denying movant's motion is affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. Repealed by Laws 1977, p. 658, S.B. No. 60, § 1, effective January 1, 1979.