707 F.2d 1007
 13 Fed. R. Evid. Serv. 966
 Robert VILLANUEVA, Appellant,
v.
Gerald F. LEININGER, Chief Correctional Officer, David
Aumend, Correctional Officer, Philip Nicholas
Buttice, Correctional Officer and St.
Louis County, Missouri, Appellees.
 No. 82-1747.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 26, 1983.
Decided June 3, 1983.
 
 Clyde C. Farris, Jr., Clayton, Mo., for appellant.
 Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for appellees.
 Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Villanueva brought this action for civil damages under 42 U.S.C. Secs. 1983 and 1985, alleging that five correctional officers had deprived him of his civil rights when he was a pretrial detainee at the St. Louis County Adult Correctional Institution (Gumbo). At the close of plaintiff's evidence, the district court[1] granted the defendants' motions for directed verdict on the grounds that there was no evidence that defendants had violated Villanueva's civil or constitutional rights and that there was no evidence that he had sustained damage as a result of the defendants' actions. We initially affirmed as to all defendants. 632 F.2d 707. On rehearing en banc we reversed as to the chief correctional officer Leininger, and correctional officers, Almond and Buttice and remanded the matter to the district court for further proceedings. We affirmed that portion of the district court's judgment directing verdicts for defendants Shannon and George. Villanueva v. George, 659 F.2d 851 (8th Cir.1981) (en banc). The case was tried before a jury on June 7, 8 and 9, 1982. The jury returned a verdict against Villanueva and in favor of all defendants and the court entered judgment. Villanueva now appeals the jury verdict, contending that the district court erred: (1) in refusing plaintiff's compensatory damages instruction, and (2) in admitting irrelevant and prejudicial evidence.
 
 
 2
 Background.
 
 
 3
 Villanueva was indicted in St. Louis County, Missouri, for forcible rape, sodomy, and assault with intent to do great bodily harm. Unable to post bond, Villanueva was detained while awaiting trial at the St. Louis County Jail in Clayton, Missouri. While there, he was interviewed by a social worker and classified as a maximum security detainee. In making such a classification decision, the social worker would consider such factors as: the nature of the crime charged, with particular consideration on whether it was an aggressive, violent crime; the prisoner's desire to remain in custody status; and the psychological state of the individual. Because of renovation work being performed at the Clayton Jail, after approximately five months there Villanueva was transferred to Gumbo, where he was detained on a temporary basis from June 23 to July 19, 1978.
 
 
 4
 At the time Villanueva was transferred from Clayton to Gumbo, Clayton authorities advised that he was on maximum custody status and recommended that no reclassification be considered. Villanueva was interviewed by a social worker at Gumbo, (who was not a defendant in this suit) who recommended maximum custody.
 
 
 5
 At Gumbo, Villanueva was housed in the facilities reserved for detainees on maximum security status. Each maximum security area consists of sixteen individual one-person cells, approximately six feet by six feet. Detainees in the maximum security area eat their meals in their cells. They are permitted out of their cells for approximately fifteen minutes each day, when possible, for a shower and walk, for visits with social workers, and for medical reasons. Testimony established, however, that the guards were not able to get to each detainee every day for his shower and walk.
 
 
 6
 Villanueva testified that on his last day at Gumbo, when he was leaving for court, he indicated that he wanted to return to his cell to get some deposition notes he had left there, that he was told by defendant Shannon that the transportation officer would get the papers to Villanueva in court, but that the papers did not arrive. The transportation officer was not a defendant. Villanueva alleged that there was a one-month delay in transferring his clothing to Clayton from Gumbo after his temporary stay at Gumbo, and that one pair of shoes never arrived.
 
 
 7
 Discussion.
 
 
 8
 A. Jury Instruction.
 
 
 9
 Villanueva requested that the district court give the following instruction dealing with compensatory damages:
 
 
 10
 If you find that the Plaintiff has been deprived of a constitutional right, you may award damages to compensate for the deprivation. Damages for this type of injury are more difficult to measure than damages for a physical injury or injury to one's property. There are no medical bills or other expenses by which you can judge how much compensation is appropriate. In one sense, no monetary value we place upon constitutional rights can measure their importance in our society or compensate a citizen adequately for their deprivation. However, just because these rights are not capable of precise evaluation does not mean that an appropriate monetary amount should not be awarded.
 
 
 11
 The precise value you place upon any constitutional right which you find was denied to plaintiff is within your discretion. You may wish to consider the importance of the right in our system of government, the role which this right has played in the history of our republic, the significance of the right in the context of the activities which the Plaintiff was engaged in at the time of the violation of the right.
 
 
 12
 Specifying such damages will always be difficult, but they must at least be an amount which will assure the victim that personal rights will not be lightly regarded by state officials or federal courts.
 
 
 13
 The district court refused to give this instruction as submitted, but instead gave an abbreviated version of the same instruction:
 
 
 14
 If you find that the plaintiff has been deprived of a constitutional right, you may award damages to compensate for the deprivation.
 
 
 15
 The damages you award plaintiff for denial of any constitutional right is within your discretion. You may wish to consider the importance of the right in our system of government, the role which this right has played in the history of our republic, the significance of the right in the context of the activities which plaintiff was engaged in at the time of the violation of the right.
 
 
 16
 Villanueva contends that the language omitted from his requested instruction could have helped the jury to better understand the nature of the injury claimed. It is not necessary for the district court to recite a requested instruction verbatim in order to avoid error, so long as the instructions given are accurate and fair to both parties. Roberts v. Hollocher, 664 F.2d 200, 203 (8th Cir.1981); Leathers v. United States, 471 F.2d 856, 863 (8th Cir.), cert. denied, 412 U.S. 932, 93 S.Ct. 2754, 37 L.Ed.2d 161 (1973). Where a portion of a jury instruction is assigned as error, or where, as here, the deletion of part of a requested instruction is assigned as such, the reviewing court must look to the instructions as a whole. See Roberts v. Hollocher, supra, 664 F.2d at 203; Fields v. Chicago, Rock Island & Pacific Ry., 532 F.2d 1211, 1213 (8th Cir.1976). Here, we find that the court thoroughly apprised the jury of Villanueva's constitutional rights in several other instructions. No prejudicial error resulted, because the court adequately covered the subject area in other language. Putman v. Gerloff, 639 F.2d 415 (8th Cir.1981).
 
 
 17
 Assuming arguendo that the court erroneously gave the abbreviated version of the instruction, the error could not have been prejudicial in this case because the jury specifically found the defendants guiltless. The jury never even reached the issue of damages. See E.F. Hutton & Co., Inc. v. Berns, 682 F.2d 173, 177 (8th Cir.1982); Lowe v. Taylor Steel Products Co., 373 F.2d 65 (8th Cir.) cert. denied, 389 U.S. 858, 88 S.Ct. 85, 19 L.Ed.2d 122 (1967); Holliday v. Great Atlantic & Pacific Tea Company, 256 F.2d 297, 300 (8th Cir.1958). Fed.R.Civ.P. 61 provides that errors which do not affect the substantial rights of parties shall be disregarded. 28 U.S.C. Sec. 2111 provides that upon appeal, this court shall disregard harmless errors. We find that Villanueva's substantial rights could not possibly have been affected by the form of the damages instruction since the jury had no cause to consider the question of damages.
 
 
 18
 B. Admission of Evidence on Cross-examination.
 
 
 19
 Villanueva also complains that the district court erred in admitting certain testimony over his objection. On direct examination, Villanueva testified as to the specific nature of the charges that resulted in his detention for the relevant time period. However, he also testified that he did not strike any other inmate or take any action which would indicate that he was a danger to other inmates. Villanueva was subsequently cross-examined about that statement:
 
 
 20
 Q. Now, sir, you said yesterday that you had not done anything to give the guards reason to believe that you were a danger to the other inmates at Gumbo, is that correct?
 
 
 21
 A. That's correct.
 
 
 22
 Q. Well, Mr. Villanueva, with respect to this crime with which you were charged and of which you were convicted, that involved strangling a woman with a scarf--
 
 
 23
 MR. FARRIS: I'm going to object, Your Honor.
 
 
 24
 Q. (By Mr. Buckley)--striking her--
 
 
 25
 MR. FARRIS: May we approach the bench?
 
 
 26
 THE COURT: You may.
 
 
 27
 Following a conference out of the hearing of the jury, the court sustained the objection and instructed the jury to disregard the question. Plaintiff moved for a mistrial; the motion was denied. Defendant's counsel was permitted to ask Villanueva, without going into details, whether the crime with which he was charged, and of which he was convicted was a violent crime. Villanueva answered in the affirmative. At an earlier point during the cross-examination, Villanueva testified, over objection, that he had also filed a similar lawsuit against the personnel at the St. Louis County Jail in Clayton.
 
 
 28
 The district court has broad discretion in setting the limits of cross-examination. Roberts v. Hollocher, supra, 664 F.2d at 203; United States v. Drake, 542 F.2d 1020 (8th Cir.), cert. denied, 429 U.S. 1050, 97 S.Ct. 762, 50 L.Ed.2d 766 (1977). Fed.R.Evid. 611(b). Cross-examination may embrace any matter germane to direct examination, qualifying or destroying it, or tending to elucidate, modify, explain, contradict or rebut testimony given by the witness. Roberts v. Hollocher, supra, 664 F.2d at 203; Leeper v. United States, 446 F.2d 281, 288 (10th Cir.), cert. denied, 404 U.S. 1021, 92 S.Ct. 695, 30 L.Ed.2d 671 (1972).
 
 
 29
 We find no abuse of discretion here. The cross-examination concerning the violent nature of the crime for which Villanueva was arrested and convicted was permissible in light of his testimony on direct examination. Although the defense counsel may have strained the limits of propriety by phrasing the question in such detail, the court gave Villanueva a portion of the relief he sought by sustaining his objection and instructing the jury to disregard the question.
 
 
 30
 The district court also acted within its discretion in allowing Villanueva to be questioned about his dissatisfaction with the Clayton jail. Those questions tended to elucidate, modify and explain his testimony. The test to be applied is whether the prejudicial effect outweighs the probative value of the evidence. Roberts v. Hollocher, supra, 664 F.2d at 204; Giblin v. United States, 523 F.2d 42, 44 (8th Cir.1975), cert. denied, 424 U.S. 971, 96 S.Ct. 1470, 47 L.Ed.2d 739 (1976). We find that it does not. The fact that Villanueva had filed a similar lawsuit against the county jail personnel, however, was of questionable relevancy in the instant case. Its admission, though improper, was harmless error.
 
 Conclusion
 
 31
 We have thoroughly reviewed the record in this case, and find that Villanueva was not prejudiced by the district court's trial rulings. The record supports the jury verdict, and accordingly, we affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri